John B. McPherson, Appellant, v. Herman W. Schade, Respondent.

1. Real Estate — Contract for Sale — Defect of Title. Where a vendee seeks to rescind a contract for the sale of real estate, on account of defect of title, the question as to the materiality of the defect is one of fact when it depends upon and is an inference to be drawn from circumstances.

2. Specific Performance — Marketable Title. To entitle a vendor to specific performance of a contract for the sale of real estate he must be able to tender a marketable title; the purchaser ought not to be compelled to take property, the possession of which he may be obliged to defend by litigation, and if the title may be fairly questioned, specific performance will be refused.

3. Defect in Record Title. Where there is a defect in the record title of real estate contracted to be sold, which can be supplied only by resort to parol evidence, and the title may depend upon questions of fact, the general rule is that the purchaser will not be required to perform his contract.

4. Specific Performance — Judicial Discretion. The right of specific performance by a decree of a court of equity rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of a sound discretion.

5. Specific Performance — Facts Warranting Refusal. A vendor is not entitled to compel the purchaser to perform his contract where it appears that the building in question encroaches upon land not included in the description contained in the deed tendered and covers land that for more than twenty years prior to the making of the contract had been used by the owner of the vendor's premises, in common with the owners of an adjoining lot, as a lane or alleyway, and it appears that a map referred to in the contract as designating the premises is not on file or recorded in the proper public office, and there is no proof that it has ever been filed or recorded, and the evidence tends to show that it could not be found.

*McPherson* v. *Schade*, 8 Misc. Rep. 424, affirmed.

(Argued March 6, 1896; decided April 7, 1896.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 9, 1894, which affirmed a judgment in favor of defendant dismissing the complaint upon the merits and

granting an affirmative judgment in favor of defendant upon a counterclaim.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant. The title was not defective because of the slight excess in the size of the building over the general statement in the deed of the width and depth of the lot. (*Todd* v. *U. D. S. Inst.*, 128 N. Y. 636; *Hellreigel* v. *Manning*, 97 N. Y. 56; *King* v. *Bardeau*, 6 Johns. Ch. 28; *Winne* v. *Reynolds*, 6 Paige, 407; *Ten Broeck* v. *Livingston*, 1 Johns. Ch. 357; *Schermerhorn* v. *Niblo*, 2 Bosw. 161; *Murray* v. *Harway*, 56 N. Y. 337; *Seymour* v. *Delancey*, Hopk. Ch. 436; 5 Cow. 714; *Hoepfner* v. *Sevestre*, 10 N. Y. Supp. 51; *Boulman* v. *Vanter*, 12 N. Y. Supp. 346.) There is no evidence that the owner of lot 17 has a right of way over any part of the plaintiff's lot, and the title is not for that reason defective. (*Keating* v. *Gunther*, 10 N. Y. Supp. 734.)

*Jacob F. Miller* for respondent. By the terms of the contract the plaintiff was bound to convey a good indefeasible title to the land and the building, and all the lot on which the building stands. As the survey shows a building twenty-five feet one and one-half inches wide, the plaintiff was obliged to show a good title to a lot of that width. This he has not done by any of the deeds or evidences of title. (*White* v. *Williams*, 48 N. Y. 346; *Sasarath* v. *Metzgar*, 30 Abb. [N. C.] 407.) The record title is defective. (*Kingsland* v. *Chittenden*, 6 Lans. 15; *Noonan* v. *Lee*, 2 Black, 499; *Glover* v. *Shields*, 32 Barb. 374; *Townsend* v. *Hayt*, 51 N. Y. 656; *Davis* v. *Rainsford*, 17 Mass. 20; *McIvers* v. *Walker*, 4 Wheat. 445; *Finelite* v. *Sinnott*, 125 N. Y. 687.) Metes and bounds control the street number, and hence are more important in locating the property. But there are no metes and bounds here. There is only reference to a map which has no existence. (*Thomson* v. *Wilcox*, 7 Lans. 376.) As the lot called

for by the deeds is said to be twenty-five feet by ninety-five feet, and the building covers a width of twenty-five feet one and one-half inches, there is no title to the strip of one and one-half inches in any event. This strip cannot pass under the deed by the use of the word "appurtenances." Land does not pass as an appurtenant to land. (*Jackson* v. *Striker*, 1. Johns. Ch. 284; *Jackson* v. *Hathaway*, 15 Johns. 447; *Buzzard* v. *Capel*, 8 B. & C. 141; 6 Bing. 150; *Ogden* v. *Jennings*, 62 N. Y. 531; *Woodhull* v. *Rosenthal*, 61 N. Y. 390; *Sasarath* v. *Metzgar*, 30 Abb. [N. C.] 407.) The defendant should not be compelled to take a doubtful title. He is entitled to a complete record title, and not one imperfectly bolstered up by parol testimony. (*Irving* v. *Campbell*, 121 N. Y. 353; *Holly* v. *Hirsch*, 135 N. Y. 598; *Vought* v. *Williams*, 120 N. Y. 253.) The title must not only be bolstered up by parol testimony, but the grantor has not even a title by adverse possession. (*Dietz* v. *Farish*, 12 J. & S. 199; *Kip* v. *Hirsh*, 21 J. & S. 9; *Hartley* v. *James*, 50 N. Y. 38; *Schultz* v. *Rose*, 65 How. Pr. 75; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Crain* v. *Fox*, 16 Barb. 184; *Corning* v. *Gould*, 16 Wend. 545; *Snell* v. *Levitt*, 110 N. Y. 595; *Welsh* v. *Taylor*, 134 N. Y. 456.) The defendant was entitled to a marketable title. (*Shriver* v. *Shriver*, 86 N. Y. 584; *Jordan* v. *Poillon*, 77 N. Y. 521; *Price* v. *Strange*, 6 Mod. 159; *White* v. *Damon*, 7 Ves. 35; *People* v. *Open Board S. B.*, 92 N. Y. 98.) The court will not compel the defendant to take title to the lot if he may be subjected to a law suit respecting the encroachment on the east side or elsewhere. (*King* v. *Knapp*, 59 N. Y. 465; *White* v. *Williams*, 48 N. Y. 346; *Howe* v. *Bell*, 143 N. Y. 194; *Webster* v. *K. C. T. Co.*, 145 N. Y. 282.) The plaintiff cannot sustain his title by proof of adverse possession. (Code Civ. Pro. §§ 368, 375; *Howe* v. *Bell*, 143 N. Y. 194.) A decree of specific performance is never a matter of strict right, but is always discretionary with the court, and may be granted or withheld upon a consideration of all the circumstances. (*Miles* v. *D. F. I. Co.*, 125 N. Y. 294; *Seymour* v. *De*

*Lancey,* 6 Johns. Ch. 222 ; *Dunckel* v. *Dunckel,* 141 N. Y. 434 ; *Margraf* v. *Muir,* 57 N. Y. 155·; *Gotthelf* v. *Stranahan,* 138 N. Y. 351 ; *Willard* v. *Taylor,* 8 Wall. 564.)

MARTIN, J.   This action was brought to compel the specific performance of a contract for the sale of real estate, made between the parties August 8, 1893.   By the contract the plaintiff agreed to sell and convey to the defendant premises which were described therein as follows :.   " Number nineteen Cornelia street, in the said city of New York, situate, lying and being in the ninth ward in said city, and known on a map or chart made by Charles H. Goerck, late city surveyor, of land formerly belonging to Doctor Gardner Jones, by lot number fifty-one, bounded southerly in front by Cornelia street, northerly in the rear by lot number thirty, westerly by lot number fifty, and easterly by lot number fifty-two, containing in breadth in front and rear twenty-five feet, in length on each side ninety-five feet." The defendant agreed to pay therefor the sum of $25,500 as follows : $1,000 on the execution of the contract, $7,000 by taking the premises subject to a mortgage for that amount, $8,000 by executing to the plaintiff a bond and mortgage thereon for that sum, and $9,500 in cash on the delivery of the deed. The time fixed for the performance of the contract was October 10, 1893, but it was extended by agreement until the seventeenth of the same month.   At the time to which the performance of the contract was postponed, the plaintiff tendered to the defendant a deed in proper form, demanded the execution of the bond and mortgage and payment provided for in the contract, but the defendant refused to accept the deed, give the mortgage, or make the payment upon the ground that the plaintiff could not convey to him a good and marketable title to all the premises covered by the building thereon.   The extension of the time for the performance of the contract was occasioned by the defendant's objections to the title, and was to enable the plaintiff to remove them.

The evidence in the record tends to show : 1. That the

map referred to in the contract was not filed in the register's office where records of title are kept; that no record of such map or chart or any reference to it could be found in that office; that no description of the property was contained in the record except the deeds of the plaintiff's grantors, remote and immediate, in some of which the property was referred to as No. 17 and in others as No. 19 Cornelia street. 2. That the building erected upon the premises encroaches upon the adjoining property, and also covers a strip of land five feet in width and twenty-five feet in length, which had been used for more than thirty years by the owners of the adjoining premises as an alleyway, and that the plaintiff conceded such encroachments and offered to deduct a thousand dollars from the purchase price if the defendant would waive his objections to the title.

The plaintiff proved that the premises had been in the possession of his mother for more than thirty-five years prior to the time he acquired the title, and his evidence tended to show that the premises covered by the present building had been occupied by him and his mother during that time except the five feet referred to as having formed a part of the alleyway. The evidence of the defendant, however, tended to contradict the plaintiff's proof upon that question. The evidence is somewhat conflicting, or is at least of a character from which different inferences might be drawn. Upon all the evidence the court found that the plaintiff did not have a good or marketable title to the premises; that the building covered premises not included within the description in the deed, and that by reason of the absence of maps and records, the record title was incomplete, and could be sustained, if at all, only by parol evidence, which was liable to loss and subject to change.

The answer contained an admission of the making of the contract and alleged that the defendant refused to give the mortgage, and comply with the contract in other respects, for the reason that the plaintiff was unable to give him a good and marketable title to the premises described, and also set up

a counterclaim for the money paid on the contract and the costs and expenses incurred in examining the plaintiff's title. The trial court dismissed the plaintiff's complaint upon the merits, and directed a judgment in favor of the defendant for the counterclaim set up in his answer.

A careful study of the record leads to the conclusion that the findings of fact made by the trial judge are sustained by the evidence, and that upon the facts found he was justified in holding that the title tendered by the plaintiff was not marketable, and that the defendant was not bound to accept it. The evidence bearing upon the validity of the plaintiff's title having been conflicting, the findings of the trial judge will not be disturbed by this court.

Where a vendee seeks to rescind a contract for the sale of real estate, on account of defect of title, the question as to the materiality of the defect is one of fact when it depends upon and is an inference to be drawn from circumstances. (*Stokes* v. *Johnson*, 57 N. Y. 673.) To entitle a vendor to specific performance, he must be able to tender a marketable title. A purchaser ought not to be compelled to take property, the possession of which he may be obliged to defend by litigation. He should have a title that will enable him to hold his land free from probable claim by another, and one that if he wishes to sell would be reasonably free from any doubt which would interfere with its market value. If it may be fairly questioned, specific performance will be refused. (*Vought* v. *Williams*, 120 N. Y. 253, 257; *Shriver* v. *Shriver*, 86 N. Y. 575, 584; *Fleming* v. *Burnham*, 100 N. Y. 1.) So, where there is a defect in the record title which can be supplied only by resort to parol evidence, and the title may depend upon questions of fact, the general rule is that the purchaser will not be required to perform his contract. (*Irving* v. *Campbell*, 121 N. Y. 353; *Holly* v. *Hirsch*, 135 N. Y. 590, 598.) The right of specific performance by a decree of a court of equity rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of such discretion.

(*Miles* v. *Dover Furnace Iron Co.*, 125 N. Y. 294, 297; *Seymour* v. *Delancey*, 6 Johns. Ch. 222; *Margraf* v. *Muir*, 57 N. Y. 155; *Gotthelf* v. *Stranahan*, 138 N. Y. 345, 351.)

When we apply these principles to the facts in this case, it becomes obvious that the judgment of the court below should be affirmed. The circumstances and evidence which appear in the record tend to show that the validity of the title offered is involved in uncertainty and doubt, which could be removed, if at all, only by resort to parol evidence that might be conflicting and inconclusive. The plaintiff practically admitted that the building encroached upon land not included in the description contained in the deed that was tendered. The evidence of the defendant was that the plaintiff not only admitted that fact, but agreed to remedy the defect by obtaining quit-claim deeds from the owners of the adjoining lands, which he failed to do. The building also covers land that for more than twenty years prior to the making of the contract had been used by the owners of the plaintiff's premises in common with the owners of an adjoining lot as a lane or alleyway. The map referred to in the plaintiff's deed is not on file or recorded in the proper register's office, nor is there any proof that it has ever been so filed or recorded. There is no proof that it is now in existence. On the contrary, the evidence tends to show that after a most diligent search it could not be found. Therefore, there seems to be such an uncertainty as to the fact of its existence, or what it contains, as to render a title deducible from it one as to which there may be at least a reasonable doubt. When all the proof and circumstances developed by the evidence are considered, we think a case is presented which justified the court in finding that there was a material defect in the plaintiff's title, in denying specific performance, and in awarding judgment for the defendant.

The judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed.