WILLIAM SIMIS et al., as Executors of MARY O. SIMIS, Deceased, Appellants, *v.* DANIEL S. McELROY, Respondent.

1. VENDOR AND PURCHASER — TENDER OF TITLE BY ADVERSE POSSESSION — BURDEN RESTING UPON VENDOR IN ACTION AGAINST PURCHASER FOR REFUSAL TO ACCEPT. In order to prove such an adverse possession as will make the title of a vendor claiming thereby good and require the purchaser to accept it at the peril of liability in an action for damages for his breach of a contract of sale entitling him to a deed vesting title in fee simple, the vendor is bound to show not only possession for the statutory period, but that the purchaser could not thereafter be called upon to litigate the question of title with strangers to the action, who might claim title under a former owner.

2. FAILURE TO ESTABLISH MARKETABLE TITLE BY ADVERSE POSSESSION. The vendor is bound to show that the title tendered was good, or at least marketable, as against all the world; and such a title by adverse possession is not shown, where there is a failure to negative the possibility of an outstanding claim to the land by the heirs of a former owner, as to whom the adverse possession was open to contingencies of remaindership and infancy.

*Simis* v. *McElroy,* 12 App. Div. 434, affirmed.

(Argued June 12, 1899; decided October 3, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 14, 1897, setting aside a verdict in favor of plaintiff on exceptions ordered to be heard in the first instance at the General Term and granting a new trial.

The nature of the action and facts, so far as material, are stated in the opinion.

*J. H. K. Blauvelt* for appellants. An action to recover real property cannot be maintained by a party unless plaintiff in such action or his ancestors was seized or possessed thereof within twenty years before the commencement of the action. (Code Civ. Pro. §§ 365, 375.) The law presumes every man innocent, and this legal presumption is to be regarded by the jury in every case. (1 Greenl. on Ev. §§ 34, 42; *Brooks* v. *Barnet,* 7 Pick. 94; *Weed* v. *M. B. L. Ins. Co.,* 70 N. Y.

561; *People* v. *O'Connell*, 13 Wkly. Dig. 536; *Howell* v. *Leavitt*, 95 N. Y. 617.) The possession was of the whole lot; it was open and adverse, and the proof that it was is direct and uncontradicted. (*Cahill* v. *Palmer*, 45 N. Y. 482; *Sherman* v. *Kane*, 86 N. Y. 67; *Marston* v. *Rowe*, 43 Ala. 271; *Clements* v. *Lampkin*, 34 Ark. 598.) Thirty-two years' adverse possession is a sufficiently long period to constitute a valid title. (Code Civ. Pro. §§ 365, 375; *Howell* v. *Leavitt*, 95 N. Y. 617; *Hoepfner* v. *Sevestre*, 30 N. Y. S. R. 296; *S. M. E. Church* v. *Humphrey*, 49 N. Y. S. R. 467.) The disability is not extended by death or any other occurrence. Where the time has begun to run a subsequently accruing disability will not suspend it. (*Bradstreet* v. *Clarke*, 12 Wend. 676; *Schemerhorn* v. *Niblo*, 2 Bosw. 161; *Carpenter* v. *Schermerhorn*, 2 Barb. Ch. 319; *Fleming* v. *Griswold*, 3 Hill, 85.) No objections were raised to the lines occupied by the walls of the house or the fence in its rear at the time when the deed was tendered, and defendant cannot now raise such an objection. (*Katz* v. *Kaiser*, 10 App. Div. 137; 154 N. Y. 294; *Ford* v. *Schlosser*, 13 Misc. Rep. 205; *Sherman* v. *Kane*, 86 N. Y. 57.) A title by adverse possession is equally good as a title by gift or grant. (*Ottinger* v. *Strasburger*, 33 Hun, 466; *Sherman* v. *Kane*, 86 N. Y. 57; *Abrams* v. *Rhoner*, 44 Hun, 507; *Baker* v. *Oakwood*, 123 N. Y. 16.) Such a title is one of the highest character, operates to convey a complete title as much as any written conveyance, and embraces absolute dominion over the property. (*School Dist.* v. *Benson*, 31 Me. 384; 3 Washb. on Real Prop. [4th ed.] 164.) The lapse of time provided by the statute not only bars the remedy, but it extinguishes the right and vests a perfect title in the adverse holder. (*Baker* v. *Oakwood*, 123 N. Y. 29; *Bicknell* v. *Comstock*, 113 U. S. 152; *Moore* v. *Luce*, 29 Penn. St. 262; *Ottinger* v. *Strasburger*, 33 Hun, 466.) Possession, accompanied by the usual acts of ownership, is presumed to be adverse until shown to be subservient to the title of another. Acts of ownership are sufficient without words. (*Barnes* v. *Light*, 116 N. Y. 34.) The plaintiff hav-

ing proven a possession which was exclusive, uninterrupted, under a claim of title, and founded upon a conveyance for a period of over thirty-two years, there arose from such proof a presumption of a valid grant from all parties who had any interest in the premises, whether such parties were under disability or not, and the burden of proof rested upon defendant to meet that presumption. (*O'Connor* v. *Huggins*, 113 N. Y. 511; *Baker* v. *Oakwood*, 123 N. Y. 16; *Bohm* v. *Fay*, 18 Abb. [N. C.] 175; *Ottinger* v. *Strasburger*, 33 Hun, 471; *Cahill* v. *Palmer*, 45 N. Y. 478; 1 Greenl. on Ev. 22, § 16; *Knox* v. *Cleveland*, 13 Miss. 245; *Moore* v. *Luce*, 29 Penn. St. 260; 2 Washb. on Real Prop. [4th ed.] 319; Best on Presumptive Ev. 103.) In actions for specific performance, title by adverse possession is sufficient to warrant enforcement. (*Seymour* v. *De Lancey*, Hopk. Ch. 449; *Spring* v. *Sandford*, 7 Paige, 552; *Sherman* v. *Kane*, 86 N. Y. 66; *Abrams* v. *Rhoner*, 44 Hun, 507; *Palmer* v. *Saft*, 21 N. Y. S. R. 478.) The defendant having introduced no evidence to contradict the evidence of plaintiff, proving a possession which continued over thirty-two years, it was defendant's duty to accept the deed when tendered to him; having failed to do so, the plaintiff was entitled to at least nominal damages. (*Devendorf* v. *West*, 42 Barb. 227; *Fitch* v. *Fitch*, 3 J. & S. 302; 7 Wait's Act. & Def. 431; *Simon* v. *Kaliske*, 6 Abb. [N. S.] 224.) It is not necessary for the vendor to disclose the source of his title when he tenders his deed, though, in this case, the vendor did claim that she had a good title by adverse possession at the time of tendering the deed. (*Hartley* v. *James*, 50 N. Y. 38.)

*Daniel Daly* for respondent. The appellants' testatrix had not a good title to lot No. 29 on the map of 1806. (*Simis* v. *McElroy*, 39 N. Y. S. R. 324.) Even if the Kip deeds conveyed in fee lands running to the Post road, appellants' testatrix's title was still fatally defective. (*K. C. F. Ins. Co.* v. *Stevens*, 87 N. Y. 287.) The deed from the corporation is of no avail to appellants. (*Mortimer* v. *N. Y. El. R. R. Co.*,

25 N. Y. S. R. 872; *Hine* v. *N. Y. El. R. R. Co.*, 27 N. Y. S. R. 303; Gerard on City Rights, 140, 144, 150; *Matter of John, etc., Sts.*, 19 Wend. 659; *Van Amringe* v. *Barnett*, 8 Bosw. 357.) The appellants' testatrix did not have a good title by adverse possession. (*Simis* v. *McElroy*, 39 N. Y. S. R. 324.) Appellants did not show — what is an essential to an adverse possession which will divest an owner of title to real estate — that the entry and possession under which they claim title were exclusive of any other right than the alleged deed from Hatch to Appleby. (Code Civ. Pro. §§ 368, 369; *Kneller* v. *Lang*, 137 N. Y. 589; *Sanders* v. *Reidinger*, 30 App. Div. 277; *Battery* v. *R., W. & O. R. R. Co.*, 14 N. Y. S. R. 131; *Bliss* v. *Johnson*, 94 N. Y. 235; *Doherty* v. *Matsell*, 119 N. Y. 646; *Whiting* v. *Edmunds*, 94 N. Y. 309.) Even had appellants shown an adverse possession from 1856 to 1888, when the alleged breach of contract by respondent occurred, they could not recover in this action because they offered no proof whatever as to where the outstanding record title was or of anything beyond mere lapse of time to show that that title had been divested. (*Simis* v. *McElroy*, 39 N. Y. S. R. 327; *Wilhelm* v. *Federgreen*, 2 App. Div. 483; *Ruess* v. *Ewen*, 34 App. Div. 484; Angell on Lim. [6th ed.] 384, 385, §§ 380, 381; *Ottinger* v. *Strasburger*, 33 Hun. 466; *Abrams* v. *Rhoner*, 44 Hun, 507; *Kip* v. *Hirsh*, 103 N. Y. 565; *O'Connor* v. *Huggins*, 113 N. Y. 511; *N. Y. S. Co.* v. *Stern*, 46 Hun, 206; *Devyr* v. *Schaefer*, 55 N. Y. 446; *Fleming* v. *Burnham*, 100 N. Y. 1.) Respondent was not guilty of a breach of contract. (*Moore* v. *Williams*, 115 N. Y. 586; *M. E. C. Home* v. *Thompson*, 108 N. Y. 618; *Wilson* v. *Holden*, 16 Abb. Pr. 133; *Fleming* v. *Burnham*, 100 N. Y. 1; *Irving* v. *Campbell*, 121 N. Y. 353; *McPherson* v. *Schade*, 149 N. Y. 16; *Shriver* v. *Shriver*, 86 N. Y. 575; *Heller* v. *Cohen*, 154 N. Y. 299; *Holly* v. *Hirsch*, 135 N. Y. 598.) Appellants are not in a position to urge that, while their testatrix's record title was defective, she still had good title by adverse possession. (*Thorne* v. *French*, 4 Misc. Rep. 436; *Weinstock* v. *Levison*, 37 N. Y. S. R. 561, 563;

*O. & M. R. R. Co.* v. *McCarthy*, 96 U. S. 258; *Jones* v. *R. G. & E. Co.*, 7 App. Div. 465.) The general rule is that a purchaser is not bound to accept a title resting on proof of adverse possession. (*Hartley* v. *James*, 50 N. Y. 38; *Schultz* v. *Rose*, 65 How. Pr. 75; *Shriver* v. *Shriver*, 86 N. Y. 575; *Heller* v. *Cohen*, 154 N. Y. 299; *Ottinger* v. *Strasburger*, 33 Hun, 466; *Kip* v. *Hirsh*, 103 N. Y. 565; *Hayes* v. *Nourse*, 8 N. Y. S. R. 397; *Abrams* v. *Rhoner*, 44 Hun, 507; *Bohm* v. *Fay*, 17 Abb. [N. C.] 175.) Even if the title offered by appellants' testatrix were good, respondent was entitled to judgment. (*Wilson* v. *Holden*, 16 Abb. Pr. 133; *Congregation, etc.*, v. *Church*, 10 Abb. Pr. [N. S.] 484; *Timby* v. *Kinsey*, 18 Hun, 255.)

O'BRIEN, J. This action was brought by the plaintiffs' testatrix, who died during its pendency and about five years after it was commenced. The purpose of the action was to recover damages for the breach by the defendant of an executory contract for the sale of certain real estate in the city of New York. It is an admitted fact in the case that both parties made tender of performance on the day specified for that purpose in the contract, and the defense to the action is that at the time of the tender the plaintiff's title was defective and unmarketable and has so remained ever since. Upon that ground the defendant refused to accept the deed tendered to him, though ready and willing to perform but for the defect in plaintiff's title.

At the close of the trial the plaintiff's counsel stated that he asked a verdict for nominal damages only, and the court directed a verdict for the plaintiff for six cents damages, and directed that the defendant's exceptions be heard in the first instance at the General Term. On the hearing of the exceptions at the Appellate Division they were sustained, and the verdict was set aside and a new trial granted. The only question necessary to consider, therefore, is whether the plaintiff made out a case for damages at the trial, or in other words, whether the facts were of such a conclusive character as to

entitle the plaintiff to even nominal damages as matter of law. If the title tendered by the plaintiff was so defective as to be unmarketable, then there was no breach of the contract established, and the plaintiff was not entitled to recover.

It is admitted that, as to a material part of the premises embraced in the contract, the plaintiff had no record title, but she claimed to have good title by adverse possession, and the question presented by this appeal is whether the plaintiff established title in that way so conclusively as to warrant the court in directing a verdict in her favor. It is important to bear in mind that the controversy is not between the party holding or claiming under the record title and the plaintiff claiming by adverse possession, but between the latter and a purchaser by executory contract to recover damages for his refusal to accept a title based entirely on such adverse possession. The holders of the outstanding record title, if any, are not parties to this action and cannot be bound by the judgment, and hence the defendant, if compelled to accept the deed tendered, might still be obliged to litigate with the true owners the question of title as against them. When the controversy assumes the form of an action of ejectment against the party in possession by one claiming under title by record, the former is in a stronger position to assert his right than when he is litigating with a stranger who refuses to accept his title. In the former case adverse possession is evidence of title in the party asserting it. (*Baker* v. *Oakwood*, 123 N. Y. 16.) It might well be held to have the same effect in every case but for the difficulty, if not impossibility, of establishing the fact as against those who are not parties to the action or bound by the judgment. In such cases it is frequently very difficult for courts to anticipate what the owner of the outstanding title may be able to prove in a litigation with a party who has taken a title by adverse possession. The former may be able to prove facts tending to show that what appeared to be an adverse possession, in a litigation in which he was not heard, is quite otherwise, and hence this court has frequently refused to compel a purchaser to take a title which

he may be called upon to defend by parol proof of adverse possession. (*Heller* v. *Cohen*, 154 N. Y. 299; *McPherson* v. *Schade*, 149 N. Y. 16; *Holly* v. *Hirsch*, 135 N. Y. 590; *Irving* v. *Campbell*, 121 N. Y. 353.)

The plaintiff contracted to deliver to the defendant a deed "containing a general warranty, and the usual full covenants for the conveying and assuring to him the fee simple of the said premises free from all incumbrance." The deed tendered did not assure to the defendant the fee simple in the property, since the plaintiff was obliged to prove her title by adverse possession. It was made out in this action by parol proof, which is open to change hereafter in any litigation between the defendant and the parties who have succeeded to the record title. Adverse possession is defined by the Code (§§ 369, 373), and, unless the case made by the plaintiff met all the conditions prescribed by these sections, she has failed to establish a breach of the contract on the part of the defendant in refusing to accept the title tendered.

The court below, upon a review of the testimony, was of the opinion that she had not. It would require a very clear and a very peculiar case to warrant this court in interfering with the judgment in order to enable the plaintiff to retry a case involving only nominal damages. (*T. H. E. Co.* v. *D. L. I. Co.*, 144 N. Y. 34; *Pratt* v. *N. Y. C. & H. R. R. R. Co.*, 77 Hun, 139.) The plaintiff undoubtedly proved possession of the premises for over thirty years, and, if her right of recovery depended upon that fact alone, it was established. But possession, though a very important element in making out her title, was not the only thing to be considered. In order to prove such an adverse possession as would make her title good and require the defendant to accept it at the peril of liability in damages for the breach of his contract, she was bound to show that the defendant could not hereafter be called upon to litigate that question with strangers to this action who might claim title under some former owner. She was bound to show that the title tendered was good, or at least marketable, as against all the world. The proof, we think, fell far

short of this requirement, and so we think that the learned court below was right.

The defect in the proof has been very clearly and fully pointed out in the opinions given in the court below, and it is unnecessary to repeat the facts here. In 1856 the premises were conveyed to the plaintiff's remote grantor by a party who, so far as appears, had neither record title nor possession. Since that time, by reason of conveyances, the property was repeatedly transferred until it was deeded to the plaintiff in 1880. Her possession and that of her grantors since 1856 has been clearly shown, but just where the title was prior to that date does not appear. It is quite probable that the plaintiff's title is good, but whether the defendant can be compelled by the courts to accept it is a very different question.

It appears that one Kip, who died in the year 1777, was the owner of a considerable tract of land in the city of New York, which included the premises in question. He left a will which was proved in 1805, devising the land or some interest in it to his children. A share which had been devised to a daughter dying before her father was by a codicil devised to her daughter, the testator's grandchild, but for life if she died without issue, with remainder to the surviving children of the testator. It does not appear that the conveyance to the plaintiff's remote grantor in 1856 carried the title of all the Kip heirs; and hence the claim that the plaintiff has title by adverse possession. Adverse possession does not commence to run against heirs taking the title to land by descent, or by will, until the right of entry has accrued, or while they were under any disability. The remainderman's right of entry does not accrue until the termination of the estate or estates upon which the remainder is limited. Non-residence, infancy or other disabilities, sometimes operate to prevent the Statute of Limitations from running. The difficulty with the plaintiff's case is that she has not negatived the possibility of an outstanding claim to this land, or some interest in it, by the heirs of Kip. It may be true that it was impossible to do it, but in such cases the vendor may always describe the title

which he has, or intends to convey, in the contract, and if the vendee agrees to take it he will be bound. When the contract in terms provides for a deed to vest in the purchaser the title in fee simple, and the vendor's title is open to doubts, such as exist in this case, there will be room left for the vendee to resist compulsory performance on his part. This situation arises from the fact that it is impossible in such cases for courts to adjudge with that reasonable certainty which the nature of the case requires, that his fears with respect to the title, whether real or assumed, are groundless.

In order to make the adverse possession since 1856 good against the heirs of Kip, the proof must be of such a character as to exclude to a moral certainty any right or claim on their part. In other words, it should have been proved that their interest passed to the plaintiff's remote grantor under the deed of that year. Unless it did they may be able to prove facts which might qualify, if not wholly avoid, the fact of possession in the plaintiff and her predecessors. Whether they are infants, or under some other disability, or non-residents or remaindermen, does not appear, so that the proof did not warrant the court in directing a verdict. It was thus ruled, as matter of law, that the plaintiff's title was good. The most favorable view that could be taken of the plaintiff's case would not warrant the court in taking the question from the jury, and hence the exception taken by the defendant's counsel to the refusal of the court to submit the question was good.

On the whole we think that the case was well decided below, and that the order must be affirmed, with costs, and judgment absolute be given for the defendant.

All concur.

Order affirmed and judgment accordingly.