FUHR v. CRONIN et al.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE—ADVERSE POSSESSION.
    Proof of uninterrupted possession for 30 years does not show a marketable title which a vendor can be compelled to accept, since the possibility of claims by infants or remaindermen is not negatived; and especially is this so where it appears that an occupant of another portion of the lot has been dispossessed.

**2. SAME—DEFECTIVE DESCRIPTION—CONTROLLING CHARACTER OF MONUMENTS—APPLICABILITY OF RULE.**

The rule that monuments will control courses and distances cannot be invoked to compel a vendee to accept a title on a defective description, where the only monument is a lot line, which, according to course, one boundary line fails to intersect at all, while the parallel boundary line strikes it at a point determinable only with reference to the other line.

Appeal from Special Term, New York County.

Action by Wilhelmine Fuhr against Timothy T. Cronin and others. From a judgment entered on the dismissal of the complaint on the merits, and directing specific performance on the counterclaim, plaintiff appeals. Reversed.

The plaintiff's assignor entered into an agreement for the purchase of a house and lot No. 1895 Franklin avenue, in the city of New York, upon which he paid $100 at the time of the execution of the contract; the remainder of the purchase price to be paid at the time of the ensealing and delivery of a deed of the premises. In the contract of sale the vendor covenanted that he was well seised of the premises. Upon making a search, the plaintiff found that the vendor's title was defective, in that the description in the deeds showing the vendor's chain of title failed to include a small triangular piece of ground 9.57 feet wide at the rear, and running to a point at the front. On this account the vendee refused to take the title unless such defect was remedied. The vendor made tender of a deed, which properly described the premises as it should have been described through the whole chain of title. The premises fronted upon Grove street, and the following is a diagram of the premises and adjoining land:

The description of the premises as contained in the vendor's chain of title, and as described in the contract of sale, is as follows: "Beginning at a point on the northwesterly side of Grove street, distant 192 feet 8 inches northwesterly from the northwesterly corner of said Woodruff avenue and Grove street, running thence northwesterly along Grove street 25 feet, and thence southwesterly and parallel with Woodruff avenue 108 feet and 9 inches to lot No. 80 on said map, and thence southeasterly along lot 80, 25 feet, and thence southeasterly and parallel with Woodruff avenue 108 feet and 9 inches to the westerly side of Grove street, to the point or place of beginning." It will be seen by examining the diagram that the directions given

to the boundary lines by the points of the compass as mentioned in the said description, and the directions given those same lines by the monuments mentioned, are absolutely at variance. If the directions given the lines by the monuments mentioned are followed; i. e., along Grove street, and parallel with Woodruff avenue, the lot will be bounded as indicated by the dotted lines upon the diagram. The evidence shows that the grantors have not, and never had, title to any portion of lot No. 97, while the deed tendered to plaintiff's assignor describes the rectangular piece of land indicated on the diagram as being the northeasterly portion of lot No. 79, with its sides running at right angles with Grove street; the points of the compass therein mentioned not being at variance with the directions given to those lines by the monuments mentioned. That leaves a triangular piece, as shown on the diagram, in the southwesterly part of said lot intended to be conveyed, to which the vendor had no title. . Upon the trial the defendants, by parol evidence, showed that they had title to the premises, as described in the deed tendered, by adverse possession for more than 30 years. The court below found that the title was marketable, and decreed a specific performance of the contract in question.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Mortimer Kennedy Flagg, for appellant.
Charles P. Hallock, for respondents.

HATCH, J. The real point presented in the present controversy is whether the deed which has been tendered by the defendants will convey to the plaintiff a marketable title. It is quite probable that the defendants have a good title to these premises by adverse possession, and may maintain their absolute right thereto whenever an attack is made upon such title. Assuming such to be the fact, it is not conclusive of the question presented by this record. It is clear beyond controversy that the defendants have no paper title to the southwesterly triangular piece of lot 79, and it is not contended that they have any title to the northeasterly triangular piece of land in lot 97, for which the description in the defendant's chain of title calls. They have paper title to the last-named piece, but they never had possession of the same, and have never claimed to be the owners of it. The deed which has been tendered by the defendants in fulfillment of their contract contains an entirely different description of the land from that contained in the contract and in the defendants' chain of title. The case comes to rest, therefore, upon the fact as to whether the adverse possession which has been proven is sufficient to make the title marketable, for it is well settled that a title which is open to a reasonable doubt is not a marketable title. Simis v. McElroy, 12 App. Div. 434, 42 N. Y. Supp. 290.

In order to make a title by adverse possession perfect, the vendor must negative the possibility of any outstanding claim to the land by the heirs of a former owner, and to show that such title is not open to contingencies of remaindership, or infancy, or either. Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674, 73 Am. St. Rep. 673. In the present case the only proof upon which to found a title by adverse possession is an uninterrupted occupancy for a period of 30 years. .This, within the doctrine of the above authority, is not sufficient. It is evident, therefore, that the plaintiff may be compelled to resort to parol proof to defend such title; and under such circum-

stances, in the absence of any proof showing the nonexistence of persons who may attack the title, it will be regarded as unmarketable. McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527.

It appears by the present record that a person claiming to hold a gore of land upon another part of lot 79, under a deed which similarly described such land as in the defendants' chain of title, was dispossessed of the same. Such fact was established by the judgment of dispossession. While this is not conclusive, it bears upon the marketability of the title.

It is claimed by the defendants, however, that their paper title to the lot in question conveys the land embraced within the terms of the contract. This conclusion is arrived at by invoking the doctrine that courses and distances must yield to monuments upon the premises, either natural or artificial. Such rule is well settled under the general doctrine that what is most certain will control, and that which is least certain must yield. Yates v. Van De Bogert, 56 N. Y. 526. Difficulty confronts the defendants in bringing themselves within this rule of law, as there is no monument, either natural or artificial, upon the rear of the lot as described. The only thing that can be called a monument upon the rear of the lot is the lot line between lots 79 and 80. The northwesterly boundary of the piece of land sought to be conveyed, according to the description, does not carry the line indicated to the lot line between lots 79 and 80, nor is there any monument of any description at the termination of such line, either in its course or distance or otherwise. It extends directly into lot 97 in a northwesterly direction, and there is no monument or lot line at such point, or near it. Consequently, there is no monument which can furnish a certain location of the land intended to be conveyed. The lines as given neither reach the division line between lots 79 and 80 nor do they run along such line in its full course. There is, therefore, no certain boundary in the description which can make the courses and distances yield to fixed and known monuments; consequently the rule which is sought to be invoked has no application. It follows, therefore, that the defendants have not tendered a marketable title.

The judgment should, therefore, be reversed, and a new trial granted, with costs to appellant to abide event. All concur.