WILHELMINE FUHR, Appellant, *v.* TIMOTHY T. CRONIN, Individually and as Executor, etc., of JANE CRONIN, Deceased, and JENNIE CRONIN BYRNES, Respondents.

*Specific performance — marketable title — proof of adverse possession must also negative the existence of persons who might attack it — courses which neither run to or along lot lines, held not to be controlled thereby.*

A contract for the sale of real property and the deeds in the vendor's chain of title described the premises conveyed as follows : "Beginning at a point on the northwesterly side of Grove Street distant one hundred and ninety-two feet eight inches northwesterly from the northwesterly corner of said Woodruff Avenue and Grove Street, running thence northwesterly along Grove Street twenty-five feet, and thence southwesterly and parallel with Woodruff Avenue one hundred and eight feet and nine inches to Lot Number 80 on said map, and thence southeasterly along Lot Number 80 twenty-five (25) feet, and thence southeasterly and parallel with Woodruff Avenue one hundred and eight feet and nine inches to the westerly side of Grove Street, the point or place of beginning."

The east and west lines of the lot which it was intended to convey ran at right angles with Grove street and not parallel with Woodruff avenue. In consequence thereof, the vendor had no paper title to a triangular piece in the southwesterly part of the lot intended to be conveyed and had a paper title to a triangular piece of the adjoining lot No. 97.

The vendee, upon discovering this condition of affairs, refused to accept the title, whereupon the vendor tendered a deed which described the premises as they should have been described through the entire chain of title.

The vendor had been in the uninterrupted occupancy of the premises described in the deed tendered for a period of thirty years. There was, however, no proof negativing the existence of persons who might, notwithstanding the lapse of thirty years, be still entitled to attack the vendor's title.

It also appeared that a person claiming to hold a gore of land upon another part of lot 79 under a deed similar to the vendor's had been dispossessed of the same.

*Held*, that the vendor's title was not marketable and that specific performance of the contract of sale should not be decreed;

That the deeds mentioned in the vendor's chain of title could not be construed as conveying to the vendor a paper title to the lot intended to be conveyed, on the theory that the lot lines constituted monuments controlling the courses and distances mentioned in the deed, for the reason that the lines of the premises conveyed, as given in the deed, did not run to, or along, the lot lines.

APPEAL by the plaintiff, Wilhelmine Fuhr, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 9th day of September, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits and directing the specific performance of a contract upon the counterclaim set forth in defendants' answer.

The plaintiff's assignor entered into an agreement for the purchase of a house and lot, No. 1895 Franklin avenue, in the city of New-York, upon which he paid $100 at the time of the execution of the contract, the remainder of the purchase price to be paid at the time of the ensealing and delivery of a deed of the premises. In the contract of sale the vendor covenanted that he was well seized of the premises. Upon making a search, the plaintiff found that the vendor's title was defective in that the description in the deeds showing the vendor's chain of title failed to include a small triangular piece of ground nine and fifty-seven one-hundredths feet wide at the rear and running to a point at the front. On this account the vendee refused to take the title unless such defect was remedied. The vendor made tender of a deed, which properly described the premises as they should have been described through the whole chain of title.

The premises fronted upon Grove street, and the following is a diagram of the premises and adjoining land:

The description of the premises as contained in the vendor's chain of title, and as described in the contract of sale, is as follows:

"Beginning at a point on the northwesterly side of Grove Street distant one hundred and ninety-two feet eight inches northwesterly from the northwesterly corner of said Woodruff Avenue and Grove Street, running thence northwesterly along Grove Street twenty-five feet, and thence southwesterly and parallel with Woodruff Avenue one hundred and eight feet and nine inches to Lot Number 80 on said map, and thence southeasterly along Lot Number 80, twenty-five (25) feet, and thence southeasterly and parallel with Woodruff Avenue one hundred and eight feet and nine inches to the westerly side of Grove Street, the point or place of beginning."

It will be seen by examining the diagram that the directions given to the boundary lines by the points of the compass as mentioned in the said description, and the directions given those same lines by the monuments mentioned, are absolutely at variance. If the directions

given the lines by the monuments mentioned are followed, *i. e.*, along Grove street and parallel with Woodruff avenue, the lot will be bounded as indicated by the dotted lines upon the diagram. The evidence shows that the grantors have not and never had title to any portion of lot No. 97, while the deed tendered to plaintiff's assignor describes the rectangular piece of land indicated on the diagram as being the northeasterly portion of lot No. 79, with its sides running at right angles with Grove street, the points of the compass therein mentioned not being at variance with the directions given to those lines by the monuments mentioned. That leaves a triangular piece as shown on the diagram in the southwesterly part of said lot intended to be conveyed, to which the vendor had no title. Upon the trial the defendants by parol evidence showed that they had title to the premises as described in the deed tendered, by adverse possession for more than thirty years. The court below found that the title was marketable and decreed a specific performance of the contract in question.

*Mortimer Kennedy Flagg*, for the appellant.

*Charles P. Hallock*, for the respondents.

Hatch, J. :

The real point presented in the present controversy is whether the deed which has been tendered by the defendants will convey to the plaintiff a marketable title. It is quite probable that the defendants have a good title to these premises by adverse possession, and may maintain their absolute right thereto whenever an attack is made upon such title. Assuming such to be the fact, it is not conclusive of the question presented by this record. It is clear beyond controversy that the defendants have no paper title to the southwesterly triangular piece of lot 79, and it is not contended that they have any title to the northeasterly triangular piece of land in lot 97, for which the description in the defendants' chain of title calls. They have paper title to the last-named piece, but they never had possession of the same and have never claimed to be the owners of it. The deed which has been tendered by the defendants in fulfillment of their contract contains an entirely different description of the land from that contained in the contract and in the defend-

ants' chain of title. The case comes to rest, therefore, upon the fact as to whether the adverse possession which has been proven is sufficient to make the title marketable, for it is well settled that a title which is open to a reasonable doubt is not a marketable title. (*Simis* v. *McElroy*, 12 App. Div. 434.)

In order to make a title by adverse possession perfect the vendor must negative the possibility of any outstanding claim to the land by the heirs of a former owner and show that such title is not open to contingencies of remaindership or infancy or either. (*Simis* v. *McElroy*, 160 N. Y. 156.) In the present case the only proof upon which to found a title by adverse possession is an uninterrupted occupancy for a period of thirty years. This, within the doctrine of the above authority, is not sufficient. It is evident, therefore, that the plaintiff may be compelled to resort to parol proof to defend such title, and under such circumstances, in the absence of any proof showing the non-existence of persons who may attack the title, it will be regarded as unmarketable. (*McPherson* v. *Schade*, 149 N. Y. 16.) It appears by the present record that a person claiming to hold a gore of land upon another part of lot 79 under a deed which similarly described such land as in the defendants' chain of title, was dispossessed of the same. Such fact was established by the judgment of dispossession. While this is not conclusive, it bears upon the marketability of the title.

It is claimed by the defendants, however, that their paper title to the lot in question conveys the land embraced within the terms of the contract. This conclusion is arrived at by invoking the doctrine that courses and distances must yield to monuments upon the premises, either natural or artificial. Such rule is well settled under the general doctrine that what is most certain will control, and that which is least certain must yield. (*Yates* v. *Van De Bogert*, 56 N. Y. 526.) Difficulty confronts the defendants in bringing themselves within this rule of law, as there is no monument, either natural or artificial, upon the rear of the lot as described. The only thing that can be called a monument upon the rear of the lot is the lot line between lots 79 and 80. The northwesterly boundary of the piece of land sought to be conveyed, according to the description, does not carry the line indicated to the lot line between lots 79 and 80, nor is there any monument of any description at the

termination of such line, either in its course or distance or otherwise. It extends directly into lot 97 in a northwesterly direction, and there is no monument or lot line at such point or near it. Consequently, there is no monument which can furnish a certain location of the land intended to be conveyed. The lines as given neither reach the division line between lots 79 and 80, nor do they run along such line in its full course. There is, therefore, no certain boundary in the description which can make the courses and distances yield to fixed and known monuments; consequently, the rule which is sought to be invoked has no application.

It follows that the defendants have not tendered a marketable title.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide event.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.