RUSSELL v. WALES.

(Supreme Court, Trial Term, Steuben County. November 3, 1906.)

1. VENDOR AND PURCHASER—PERFORMANCE BY VENDOR—ABSTRACT OF TITLE.

A contract for the sale of real estate required the vendor to furnish to the purchaser an abstract showing good title. The abstract disclosed unsatisfied judgments against the premises. *Held*, that the purchaser could refuse to complete the purchase though the vendor's agent delivering the abstract informed him that the judgments had been paid, and though the judgments had in fact been paid.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 263.]

2. SPECIFIC PERFORMANCE—CONTRACT FOR THE SALE OF LAND—PERFORMANCE BY VENDOR.

The vendor in a contract for the sale of real estate agreed to furnish an abstract showing good title. The abstract furnished showed unsatisfied judgments against the premises. *Held*, that the vendor could not compel specific performance by proving on the trial in the suit therefor that the judgments had been subsequently paid.

Action by Sally Ann Russell against William A. Wales. Complaint dismissed.

J. W. Russell, for plaintiff.
W. W. Oxx, for defendant.

CLARK, J. This action is brought to compel specific performance of a contract for the sale of lands.

The lands in question consist of a farm in the town of Howard, Steuben county, N. Y. On the 20th day of June, 1906, the parties entered into a written contract whereby the plaintiff agreed to sell to the defendant the lands in question for $3,500. Among the conditions in the contract was one providing that the defendant, as part of the purchase price, was to pay the liens then resting upon the proper-

ty not exceeding $3,500 in amount, and, if the aggregate amount of the liens was less than the purchase price, the overplus should be paid to the plaintiff. The contract further provided that within 20 days from the date of the contract the plaintiff was to furnish for and deliver to the defendant an abstract of title of the premises in question, certified by the county clerk, and showing a "good and satisfactory" title to said premises in this plaintiff. On the 20th day after the making of the contract the plaintiff's agent and attorney did procure and deliver to the defendant an abstract of title of the premises in question, and the defendant, who is not a lawyer, but a farmer, and without experience in examining such papers, informed plaintiff's attorney and agent that he would submit the abstract to counsel, and, if it was all right, and showed a good and satisfactory title in the plaintiff, that he would complete the purchase. On July 25, 1906, plaintiff's attorney testified that he tendered the deed to the plaintiff, of the property in question, duly signed and executed by all persons interested in the property, and requested the defendant to complete the purchase.

The facts and circumstances attending this alleged tender are disputed by the defendant, who testifies that the plaintiff's attorney did not offer him, or attempt to hand him the deed executed by the plaintiff and all other persons in interest, but that he simply drew from his pocket an envelope, stating that he had the deed, or that in substance, but that it was never handed to the defendant, he never saw it, never saw a signature on it, and had no knowledge whatever whether it was a deed or not, excepting what plaintiff's attorney told him. The transaction was while the parties were several feet apart in the highway, and I do not think that the plaintiff's agent and attorney properly apprised the defendant of the nature of the paper he had, for it is not claimed that the defendant had the document in his hands, or was near enough to it to see what it was, even if the deed had been taken from the envelope, which is stoutly denied by the defendant. The defendant at the time informed the plaintiff's agent that he could not complete the purchase for the reason that the abstract of title did not show the plaintiff to have a good and satisfactory title, whereupon the plaintiff's attorney immediately served upon the defendant the summons in this action, showing clearly that before he ever attempted to tender the deed to the defendant, he had taken the preliminary steps to commence this action by actually issuing the summons. The abstract of title, which was delivered to the defendant, did not show a good or satisfactory title in this plaintiff, for the reason that at the time it was delivered to the defendant it disclosed the fact that J. W. Russell, a son of the plaintiff, who is the plaintiff's attorney, and who had formerly been the owner of an undivided two-thirds interest in the premises in question, had conveyed it to the plaintiff; and his wife, who was still living, had not joined in the conveyance. Furthermore, the abstract disclosed the fact that there were several unsatisfied judgments which were apparent liens against the property in question, and which in the aggregate with the mortgages amounted to more than the purchase price of the property. It is true that the plaintiff's agent

informed the defendant that these several judgments had been paid, but that was not sufficient for a compliance with the terms of the contract; the contract provided that the abstract of title must show a clear and satisfactory title in the plaintiff, and the defendant had a right to insist that the abstract of title furnished should show such good and satisfactory title, and the defendant was not obliged to take the words of the agent of the plaintiff as to whether the several unsatisfied liens had been paid. The abstract of title showed clearly that these several judgments were liens upon the property. That being so, the defendant had a perfect right to refuse to complete the purchase, because she did not show such good and satisfactory title as the contract provided that the abstract must show. It makes no difference whether or not these claims had actually been paid; and on the trial the plaintiff produced satisfactions of these liens. The fact of the matter is that the plaintiff, by the terms of the contract, agreed to furnish the defendant, within 20 days after the date of the contract, with an abstract of title, showing that she had a good and satisfactory title to the premises in question, and the abstract which she did furnish did not show such good and satisfactory title; and, when it did not, the defendant had a perfect right to reject it and refuse to complete the purchase, and he is not obliged to take anybody's statement as to these various liens having been paid. The abstract of title showed that they had not been paid, and that document was what the defendant relied upon, and he had a right to rely upon it, and, in refusing to complete the purchase because of these defects, the defendant acted strictly within his rights.

Under the terms of the contract in question, this defendant was entitled to a marketable title, and the abstract of title furnished, and which was offered in evidence, shows that at the time an attempt was made to tender a deed of the premises in question to the defendant, besides two mortgages aggregating over $2,300, which were liens on the premises, there were unsatisfied judgments, apparent liens on the property, aggregating $2,370.32, besides interest. These facts were disclosed by the abstract, and the defendant had nothing to show that any of these judgments had been satisfied, excepting the word of the plaintiff's agent, and that was not sufficient. The abstract did not show a good or satisfactory title, and certainly not a marketable title, and, under these circumstances, the defendant had a right to reject it. Brokaw v. Duffy, 165 N. Y. 391, 59 N. E. 196. "A purchaser should not be left to the uncertainty of a doubtful title or the hazard of a contest with other parties which may seriously affect the value of the property, etc." Jordan v. Poillon, 77 N. Y. 518. "A purchaser ought not to be compelled to take property, the possession of which he may be compelled to defend by litigation." McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. "A title is not marketable when it exposes the party holding it to litigation." Swayne v. Lyon, 67 Pa. 436; Moore v. Williams, 115 N. Y. 586, 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844. If plaintiff's agent had produced satisfactions of these judgments at the time he attempted to tender the deed, a different state of facts would have existed, but no such documents were

produced. Here was the abstract furnished by the defendant which showed three unsatisfied judgments which were apparent liens upon this property, and the mere statement of the plaintiff's agent that these judgments were paid was not sufficient. The abstract of title which she produced clearly showed a defective title, at least a title that was not marketable. "A title that is open to reasonable doubt is not a marketable title." Salisbury v. Ryon, 105 App. Div. 448, 94 N. Y. Supp. 352.

The only question here is whether or not the title offered by the plaintiff to the defendant, as disclosed by the abstract, was good or bad, and an examination of the abstract itself answers that question, because it shows upon the face that the title was bad; that it was not a good and satisfactory title; that it was not a marketable title; and before the plaintiff should ask a court of equity to compel specific performance, she should have at least placed herself in a position to demand such relief by furnishing an abstract, showing a good and satisfactory title, as she agreed to do by her contract. In this she wholly failed, as an examination of her abstract will disclose, and however unfortunate it may be for the plaintiff, she, by not procuring satisfactions of those judgments, and having them recorded so that the abstract would disclose the fact that the judgments had been paid, is alone responsible for the unfortunate situation in which she is placed; but in view of the terms of the contract, showing clearly what the plaintiff bound herself to do, and the undisputed fact that the abstract of title furnished by her did not measure up to the terms of the contract, she is not entitled to the relief asked for in this action.

It follows that the complaint must be dismissed, with costs.

Findings may be submitted.