CAROLINE MEIGHAN, Appellant, *v.* LILLIE E. ROHE et al., Defendants, and THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

**Real property — registration of title — error for Appellate Division to dismiss complaint where record shows title in plaintiff to a portion of land.**

Section 390 of the Real Property Law (Cons. Laws, ch. 50) provides that, in an action to register title to land, the court may decree in whom the title to, or any right or interest in the property, or any part thereof, is vested. It is, therefore, error for the Appellate Division to dismiss the complaint in such an action where the trial court might find from the record that the plaintiff had a marketable title to a portion of the land, title to which is sought to be registered.

*Meighan* v. *Rohe*, 166 App. Div. 175, modified.

(Argued October 6, 1915; decided October 29, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 29, 1915, upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*Gilbert Ray Hawes* for appellant.

*Egburt E. Woodbury, Attorney-General (Robert P. Beyer* of counsel), for respondent.

*Per Curiam.* This action was brought to register title of plaintiff to certain parcels of land described as one piece of land located in the borough of The Bronx. To one of the two parcels of land in question, called the Bergen avenue property, the plaintiff claims title by mesne conveyance; the remaining and principal part of the premises called the Worms or Third avenue property, she claims title to by adverse possession. Judgment in favor of the plaintiff was decreed at Special Term. Upon appeal therefrom, the Appellate Division reversed the judgment and dismissed the complaint, holding in effect that the plaintiff failed to show that she possessed a good and marketable title free from reasonable doubt, and, secondly, that deficiencies existed in the proceeding.

We concur in the decision of the Appellate Division that deficiencies in the proceeding existed, as pointed out in the opinion there delivered, which leads to the conclusion that the summons in this action should not have been issued and the judgment registering plaintiff's title should not have been granted so far as the Third avenue property is concerned. This determination renders unnecessary a review of the question of title to that property by adverse possession, which was considered by the Appellate Division in the opinion of Mr. Justice SCOTT.

It is asserted, however, by the appellant, that as to a portion of the premises, namely, the Bergen · avenue premises, the record discloses that the plaintiff had good title thereto, and that the Appellate Division was in error in dismissing the complaint in the action as to that portion of the property.

As stated, the premises sought to be registered in this action embraced two pieces of land embodied in one description. The complaint prayed for, and the judgment rendered, was in favor of the registration of the

entire title. Section 390 of the Real Property Law provides that the court may decree in whom the title to, or any right or interest in the property, or any part thereof, is vested, whether in the plaintiff or any other person. The trial court was authorized, if the record justified such finding, to determine that the title of the plaintiff to the Bergen avenue land was marketable beyond a reasonable doubt and to order judgment as to that piece of land while denying relief as to the Third avenue property.

The judgment of the Appellate Division should be modified so as to remit to the Special Term for rehearing the question of title to the Bergen avenue property, and, as so modified, the order and judgment of the Appellate Division are affirmed, without costs to either party in this court.

HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment accordingly.