In the Matter of the Application of the MANHATTAN RAILWAY COMPANY, Respondent, *v.* CATHARINE MEIGHAN, Appellant, Impleaded with GEORGE M. BENNETT and Others, Defendants, Relative to Acquiring Title to Certain Real Property Located in the City of New York, County of Bronx.

First Department, March 7, 1919.

Eminent domain — condemnation proceedings — failure to serve notice of motion for appointment of commissioners of appraisal upon defendants — petitioner cannot take advantage of said irregularity — waiver of defect by service of notice of appearance of attorney — voluntary appearance equivalent to service of process — stipulation not to apply for discontinuance except on consent of defendants a bar to motion therefor by petitioner — sufficiency of title as basis for right to compensation for taking of property by eminent domain — parties — payment of compensation into court for unknown owners.

The fact that a copy of the notice of motion for the appointment of commissioners of appraisal in a condemnation proceeding was not served on the defendants, is an irregularity of which the petitioner cannot take advantage.

An appearance by a defendant by notice of appearance of an attorney constitutes a waiver of any defect in the service of said notice of motion, a voluntary appearance being equivalent to service of process.

Where a petitioner in condemnation proceedings has stipulated upon a good and valuable consideration not to apply for a discontinuance except on the written consent of the defendants and owners, its motion for a discontinuance while said stipulation is in full force and effect must be denied, there having been no change in the situation in law or in fact with reference to the ownership of the property.

A person may not have such a title as would entitle him to a decree of specific performance of a contract for the sale of premises and yet be entitled to damages against an appraiser, or compensation for the taking of his property by eminent domain.

If other parties are necessary in a condemnation proceeding, the court has power to bring them in. Or, if there are unknown owners, the money may be paid into court.

APPEAL by the defendant, Catharine Meighan, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 31st day of October, 1918, granting petitioner's motion to discontinue this proceeding as to one parcel known as No. 3000 Third avenue in the city of New York.

*Banton Moore,* for the appellant.

*Francis S. Williams* of counsel [*James L. Quackenbush,* attorney], for the respondent.

PAGE, J.:

This proceeding was instituted by the presentation of a petition to the court wherein, among others, Catharine Meighan, Michael C. Gross, Elizabeth Betz and the heirs at law of Peter Worms were named as defendants for a condemnation by right of eminent domain of the easements in the street, taken for the purpose of enlarging and extending petitioner's elevated railroad by the construction of a third track.

The exhibits annexed to and made a part of the petition specify the parcel under consideration as the fifth parcel and describe the same by metes and bounds and set forth the names and residences of the owners of this parcel as follows:

" Catharine Meighan, City of New York, Michael C. Gross, City of New York, Elizabeth Betz, City of New York. The

heirs at law of Peter Worms, deceased, whose names and places of residence this plaintiff is unable to ascertain. The plaintiff has made diligent inquiry through the Lawyers Title & Trust Company of New York to ascertain the names and place of residence of the heirs at law of Peter Worms, deceased, and is informed that said Catharine Meighan brought proceeding for registration of her title to said premises under Article XII of the Real Property Law; and that a judgment in her favor rendered by the Supreme Court at Special Term was reversed by the Appellate Division of said Court, and that an appeal to the Court of Appeals taken from the determination of the Appellate Division by the said Catharine Meighan is now pending."

This petition was verified on October 15, 1915, and notice of motion for the appointment of commissioners of appraisal returnable October 29, 1915. It is alleged that a copy of this notice was not served on Catharine Meighan or the other defendants above named. That, however, is an irregularity of which the petitioner cannot take advantage. While the proceeding was pending Catharine Meighan appeared herein by notice of appearance of an attorney dated October 2, 1918. She thereby waived any defect in the service, a voluntary general appearance being equivalent to personal service of process. (Code Civ. Proc. §§ 424, 3362; Lewis Em. Dom. [3d ed.] § 580, p. 1028.)

On April 7, 1916, the attorney for Catharine Meighan and other property owners specified in the proceeding and the attorney for the railway company entered into a stipulation, entitled in this proceeding whereby the defendants and owners waived the giving of the security provided for by chapter 506 of the Laws of 1910,* as amended by chapter 510 of the Laws of 1913, and agreed to make no objection to permitting the plaintiff to enter immediately upon the real property to be taken herein, or if it has already entered to continue in possession thereof and devote the said property temporarily to the use specified in the petition as if such security had been given. On the part of the railway company the following was signed by its attorney:

---

* Amdg. Rapid Transit Act (Laws of 1891, chap. 4), § 20, as renum. from § 23 and amd. by Laws of 1909, chap. 498.— [REP.

" The plaintiff accepts all the terms and provisions of the foregoing waiver of security and the making of no objection as to such entry and possession and stipulates in consideration of the foregoing waiver of security and the making of no objection as to such entry and possession, to conduct the within proceeding to a conclusion against said respective defendants and owners and not at any time to apply for a discontinuance thereof, except upon the written consent of said respective defendants and owners."

Notwithstanding this stipulation, and while the same was in full force and effect, the plaintiff has applied to the court and an order has been entered allowing it to discontinue the proceedings as far as the same relates to this parcel. The justice at Special Term wrote no opinion upon granting the motion and, therefore, we are not informed as to his reasons therefor. The applicant claims that it has the right to discontinue at any time before final order in the proceeding. This would undoubtedly be true, if it did not appear that, upon a good and valuable consideration, to wit, the waiver of the right to security secured to the defendants by statute, the refraining from making objections and the consent to its entry into possession and enjoyment of the rights sought to be secured, it had stipulated not to apply for a discontinuance but to prosecute the proceeding to a conclusion as against the defendants of which this defendant was one specifically named.

Appellant argues that they were properly relieved of their stipulation. The plaintiff did not apply to the court to be relieved from the stipulation. In fact, no mention was made of the stipulation in the moving papers nor does the order in terms refer to the stipulation, nor is there any order of the court relieving them therefrom, nor has the plaintiff shown any reason why it should be relieved. By reason of this stipulation the railway company has entered into possession of, and still enjoys, the rights pending the proceeding which it could not otherwise have obtained until final order. There has been no change in the situation in law or in fact since the stipulation was made with reference to the ownership of this property, except that an order of this court in the case of *Meighan* v. *Rohe* (166 App. Div. 175),

which was presumed to be right, has been demonstrated to be right by the affirmance thereof by the Court of Appeals (216 N. Y. 677).

The decision of this court was known to the plaintiff and is set forth in the petition. It was not decided in the case of *Meighan* v. *Rohe* that the plaintiff therein was not the owner or entitled to the possession of the premises. That case arose under the so-called Torrens Law for a registration of plaintiff's title. In such a case it was provided by section 391 of the Real Property Law (Consol. Laws, chap. 50 [Laws of 1909, chap. 52], as amd. by Laws of 1910, chap. 627), as it then existed, "No judgment of registration shall be made, unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt  *  *  *," and the court said (p. 179): "It is sufficient for the purposes of this appeal that the plaintiff has not shown upon the proofs that she possesses a good and marketable title — such an one as the court would compel an unwilling vendee to accept. (*Simis* v. *McElroy*, 160 N. Y. 156.) Having failed to show this she was not entitled to a judgment and decree of registration."

A person may not have such a title as would entitle him to a decree of specific performance of a contract for the sale of the premises and yet be entitled to damages against a trespasser, or compensation for the taking of his property by eminent domain.

If other parties are necessary to a full determination of the rights of the parties, the court has power to bring them in. (Code Civ. Proc. § 3382.) Or, if it shall develop that there are unknown owners the money could be paid into court. (Code Civ. Proc. § 3378.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.