AUGUSTUS F. HOLLY, as Executor, etc., Appellant, v. CAUFMAN HIRSCH, Respondent.

In an action for the specific performance of a contract for the purchase of real estate, the question is simply whether the legal title to the land is, notwithstanding the objections made thereto, good in the vendor, and will pass by his conveyance to the purchaser.

The distinction between such a case and one where a purchase at a judicial sale is sought to be enforced, pointed out.

*It seems*, however, that when the title depends upon questions of fact and resort must be had to parol evidence, a purchaser will not be compelled to perform his contract.

By his will B. gave all his property to his executors, in trust, to receive the rents, etc,, to sell, convey or otherwise dispose of it as they might deem best, and finally "to apply the said estate, * * * together with the proceeds of any part or portions sold," as thereafter provided. The testator then gave to each of his said executors two-sevenths of his estate in fee, and the remaining three-sevenths they were to hold upon trust for certain beneficiaries named. B. had contracted to sell a portion of his real estate to P. Before the time fixed for the delivery of the deed B. died. His executors executed a deed to P. and received from him the purchase money unpaid. P. subsequently conveyed to D., who conveyed to plaintiff's testator. In an action for a specific performance of a contract by defendant to purchase said premises, he objected to the title on the ground that the executors had no power to convey in performance of their testator's contract, and so their deed vested no title in P. *Held*, untenable; that while the executors did not take any legal estate under the preliminary devise in trust of all the testator's property; the trust being an active one and enforceable as a power in trust, included every disposable interest, and gave to the executors power to convey a perfect legal title to the real estate in question, irrespective of the fact that the testator had by his contract to sell the same changed in equity the character of his estate therein.

*Roome* v. *Philips* (27 N. Y. 357); *Lewis* v. *Smith* (9 id. 502), distinguished and limited.

*Holly* v. *Hirsch* (63 Hun, 241), reversed.

(Argued October 10, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 18, 1892, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to enforce the specific performance by the defendant of his agreement to purchase certain real estate, situated in New York city.

The property was sold by the plaintiff at public auction and struck off to defendant, on his bid; but he refused to complete his purchase, upon the ground that a conveyance by the plaintiff would not pass the legal title.

In 1879 Martin W. Brett was the owner of the premises in question and entered into a contract with one Pinkney for their sale to him. Subsequently, and before the date fixed for the delivery of a deed to Pinkney according to the contract, Brett died; leaving a will, made at a time prior to the making of the contract. In and by the will he appointed two daughters executrices and gave and devised to them all his real and personal property in trust to apply the same to certain uses specified: namely, " to collect and receive the rents, issues and profits thereof and to sell and convey, or otherwise dispose of the said property, or any part thereof, which they are hereby empowered to do at public or private sale, at such time or times, and on such terms and conditions, as they shall deem most for the benefit of my estate and to execute and deliver to the purchaser or purchasers good and sufficient conveyances for the same and to receive the proceeds thereof and to invest the same and to apply the said estate and property and the rents, issues and profits thereof, together with the proceeds of any part or portions sold by them, according to the provisions of this my last will and testament hereinafter contained."

The testator then proceeded to give to each of his daughters, his executrices, two equal seventh parts of his estate in fee and the remaining three seventh parts his executrices were to hold upon trusts; one part for a daughter, one part for the children of a deceased daughter, and one part for the widow and children of a deceased son. Brett's executrices executed to Pinkney a deed of the property, and received from him the balance of the purchase moneys due under his contract with their testator. Pinkney subsequently conveyed to Dempsey, and Dempsey conveyed to plaintiff's testator.

It is conceded that the only objection to the title consists in the inadequacy of the deed of Brett's executors to vest the legal title to the land in Pinkney and it is upon that ground that the plaintiff's testator is deemed not to have acquired a good title, which his executor might convey to the defendant.

At the Special and General Term judgment went for the defendant, upon the authority of the case of *Roome* v. *Philips* (27 N. Y. 357).

*S. P. Nash* for appellant. The objection that the power to convey did not embrace the property in question, because Brett having in his lifetime made the contract with Pinckney, it could not be carried out by his executors, is untenable. (2 R. S. 194, § 196; Code Civ. Pro. §§ 2345, 2346; *People* v. *Board*, 92 N. Y. 98; *M. L. Ins. Co.* v. *Wood*, 121 id. 302; *Biden* v. *James*, 111 id. 680.) The entire title was in the executors, as trustees, and there was no title in the heirs or devisees of Brett. (1 R. S. 729, §§ 56, 60.) As the question involved depends upon a pure point of law, and not upon any doubtful or disputed facts, nor upon any construction of ambiguous writings, the grounds upon which the judges concurred in affirming the judgment below ought not to control the case. (*Irving* v. *Campbell*, 121 N. Y. 353; *Moore* v. *Williams*, 115 id. 586; *Haberman* v. *Baker*, 128 id. 253.)

*Samuel Riker* for respondent. Specific performance is not a matter of right, but rests in the sound discretion of the court. It will not be granted unless the title be free even from suspicion, or such as the court can conscientiously warrant to the purchaser, neither will the purchaser be forced to take an equitable title. (*Moore* v. *Williams*, 115 N. Y. 586; 2 R. S. 64, § 45.) When the executors of the vendor demanded of the vendee the payment of the price, they were bound to tender to him a deed from the devisees, conveying to the vendee the legal or naked title. (*Kidd* v. *Dennison*, 6 Barb. 9; *Watson* v. *Le Row*, Id. 481; *Thomson* v. *Smith*,

63 N. Y. 301; *Walton* v. *Walton*, 7 John Ch. 258; *Adams* v. *Winne*, 7 Paige, 97.) The power of sale conferred by Mr. Brett on his executors, had become inapplicable to the land in question by the sale of it, which the testator made in his lifetime. (*Roome* v. *Philips*, 27 N. Y. 357; *Lewis* v. *Smith*, 9 id. 502; *Alkus* v. *Goettmann*, 60 Hun, 470; *Jordan* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 id. 1, 9, 10, 12; *Abbott* v. *James*, 111 id. 673, 676, 678.)

GRAY, J. It is quite evident that the learned justices who have passed upon this case felt constrained in the exercise of their judgment by the observations of Judge DENIO, in the early case in this court of *Roome* v. *Philips* (27 N. Y. 357). I think, however, that a distinction exists between that case and the present one, which is both apparent and substantial. In *Roome* v. *Philips* the vendor died, leaving a will which simply directed his executors to sell his real estate, and the moneys so to be realized he bequeathed to a mother and an aunt. There was no devise of the realty to, nor any attempt to create an interest in it, in any person, and every interest of testator descended to his heirs at law, liable only to be divested by the execution at any time of the power of sale at the hands of the executor. An administrator, with the will annexed, executed a deed of the land contracted to be sold by testator, claiming the right under the power of sale in the will, and then brought the action to compel the purchaser to perform and to accept the deed; and whether the administrator was clothed with the testamentary power was the question directly before the court. But Judge DENIO, after disposing of the points which the appeal book brought up, proceeded to discuss the question whether, as the vendor had died pending the contract of sale of the land, the power of sale in his will was applicable and conferred capacity upon the donee of the power to convey the legal title to the purchaser. Judge DENIO considered that the power of sale was inapplicable and that the legal title should be conveyed under a deed from the heir, to whom the land had descended, in which the administrator should join. Conceding to the

opinion of the court in that case all the weight proper for it to have, I think we should limit its operation to the precise state of facts which called for its expression. In that case, as in that of *Lewis* v. *Smith* (9 N. Y. 502), another case to which reference has been made, there was but the mere naked power of sale in the executors. They were given no right to, or any interest in, the testator's estate.

The plan of this will, upon a careful consideration of its provisions, becomes clear and the difficulty is rather in the inartificial manner in which it is written out. Briefly resumed, the testator first gives all of his property to his executors upon a trust to receive the rents, issues and profits thereof, to sell, convey, or otherwise dispose of it as they may deem best, and " finally, to apply the said estate, together with the proceeds of any part or portions sold, according to the provisions of this will, etc." Then follows a clause giving to two daughters his household furniture, a clause giving to the same two daughters, who were also his executrices, " each two-seventh parts of all my said estate and property to have, etc., forever," and then clauses wherein he " gives, devises and bequeaths unto his said executrices " equal seventh parts of his estate as trustees for persons named, etc.

Now I think it questionable whether the first provision of this will operated to create a valid trust under section 55 of the article on uses and trusts. A devise in trust to receive rents, issues and profits, where there is no direction to apply to the use of any person for any period, and a power to sell property, which is not authorized for the benefit of creditors, or of legatees, or to satisfy a charge upon the same, cannot be deemed to be among the express trusts enumerated in the section. (*Downing* v. *Marshall*, 23 N. Y. 366, 377; *Cooke* v. *Platt*, 98 id. 36; *Henderson* v. *Henderson*, 113 id. 1.)

But I do not consider it essential that there should have been a valid express trust created by this first provision of testator's will. If the trust created is not for purposes enumerated in the section on express trusts, it will be valid as a power in trust; for it authorizes the performance of acts which may

be lawfully performed under a power. Those acts comprehend a management of the estate, the collection of revenues, a sale of all or of portions of it, and a division into seven parts for distribution. The will provides what shall be the distribution of the parts, and makes, in certain instances, absolute gifts, or, in others, valid express trusts.

The cardinal rule in the construction of wills, that the intention of the testator shall prevail, applies when the construction relates to the powers conferred upon executors. The design of the testator is to be regarded and a substantial execution of the power allowed. (3 Johns. Ch. 1; 7 id. 32.)

I regard the intention of Brett, as deduced from his will, to authorize his executors to take his whole property into their custody and management for the purpose of partitioning into the parts, which he gives to the members of his family. The possession of the legal title, however convenient, was not necessary to the end in view. A power was adequate for the accomplishment of all that was designed. As a power in trust, then, was the scope of its operation limited, for the purpose of a conveyance of a legal title to lands, to such lands as remained absolutely the testator's at the time of his death; that is to say, as to which he continued to hold every legal and equitable interest; or does its scope comprehend a disposition of every interest which the testator might have retained and made if living? An argument is made, in that respect, upon the basis of Judge DENIO's remarks in *Roome* v. *Philips*; but their effect will not be extended to a case where the facts are not the same, and I think we are bound to hold that here the trust, operative as a power, subjected every possible legal interest, which remained in the testator and descended to his heirs at law or devisees, to its operation and execution. Doubtless, it is well settled that the effect of a contract for the sale and purchase of lands is to make of the vendor a trustee for the purchaser, and the purchaser becomes a trustee of the purchase-money, or the unpaid portion of it, for the vendor. That arises from the operation of a purely equitable principle, which contemplates things agreed to be done as actually per-

formed. But, until the delivery of the deed to the purchaser, the legal title to the land has not passed. The beneficial, or equitable, interest is in the vendee by virtue of the agreement of sale, but the legal title is still outstanding. The interest of the vendee is treated as real estate, and that of the vendor as personal property. (1 Sugden Vendors [8th ed.], 270, 273; 3 Johns. Ch. 312, 316; 6 id. 402, 405.)

I do not perceive, however, that the operation of the equitable principle affects the question of the capacity of Brett's executors to act under the trust power by conveying the legal title to the lands to their testator's vendee. Section 59 of the article on Uses and Trusts provides that when the trust is valid as a power the lands shall descend to the persons entitled, subject to the execution of the trust. To give effect to this section, we should hold it equally as operative upon the legal title, which has descended to heirs or devisees, as where they have become vested with both the legal and the equitable title.

The executors of Brett had an interest in the execution of the power; for they were not only to sell, but they were to arrange for a division of testator's property into parts; applying it, and its revenues and profits, to testamentary objects, in which they were concerned as trustees for others, as well as in their individual capacities.

Judge KENT, in *Bergen* v. *Bennett* (1 Caine's Cases in Error, 1–15), speaking of a power coupled with an interest, remarked that " it is the possession of the legal estate, or a right in the subject, over which the power is to be exercised, that makes the interest in question."

Brett's executors did not take any legal estate under this preliminary devise in trust to them of all of testator's property; but the trust, being an active one and enforceable as a power in trust, comprehended and subjected to its execution every disposable or realizable interest in the testator's estate. The power in trust had all the character of a trust, and being designed for the purpose of effectuating a trust, it was imperative. (2 Sugden Powers, *158; 1 Perry Trusts, 248.)

Its execution through the executors' deed to Pinkney, whereby the balance of the purchase-moneys for the land was obtained for the benefit and application of the estate, was as important a part of the trust confided to them as though the execution related to unsold lands of testator. That the legal and equitable estate had become separated in vendor and purchaser was a matter which affected the nature of the property and not the trust in the executors, or their power to effectively convey whatever legal estate remained in the testator's devisees. I think it must be apparent that the power to Brett's executors, in the present case, was essentially other than was the power given in *Roome* v. *Philips*, where it was quite unconnected with any interest or trust in the executor.

It is conceivable that a naked power of sale, where the donee has no interest in its execution, might be deemed applicable only to real estate not previously disposed of under the testator's agreement. But the difference is wide between such a case and the present, where the power is one in the execution of which the executors had an interest; as being vested, in part, with the legal title to the testator's property as trustees of express trusts, and as being individually vested with the title to undivided shares. Either way, they had an interest in the execution of this power to manage and to sell for purposes of partition according to the directions of the will.

The conclusion I have reached is that Judge DENIO's opinion, in *Roome* v. *Philips*, does not control the disposition of this case and that the power conferred upon Brett's executors, being in trust to effectuate the testamentary purpose of a division and partition of the testator's whole property, gave them capacity to convey a perfect legal title to real estate, irrespective of the fact that testator may have agreed for its sale and had thus changed, in equity, the character of his estate therein by the contract.

It was suggested below, and it is argued for the respondent now, that the title is not free from reasonable doubt, because of the legal question raised, and, hence, the courts

should not compel the purchaser to take the title. It must be observed, however, that this land was not bought at a judicial sale. Where a title is objected to which comes through a judicial sale, the court will often exercise its discretion in favor of a purchaser and relieve him from going on with his agreement, if there are questions which might reasonably be raised affecting the title. But where the transaction is one between parties the question is, simply, whether the legal title to the land, notwithstanding the objections made, is good in the vendor and will pass by his conveyance to the purchaser. (*Haberman* v. *Baker*, 128 N. Y. 253.)

If resort must be had to parol evidence; if it depends upon questions of fact, than a purchaser should, and will, not be compelled to perform his contract. (*Irving* v. *Campbell*, 121 N. Y. 353.)

In this case there is no dispute as to the facts, and the soundness of the title offered depends upon the decision of the question discussed and which is purely one of law. That question is set at rest by the decision of the court that there is no doubt cast upon plaintiff's title, and the rule *stare decisis* is an effectual bar to the question being again opened.

I advise that the judgment below should be reversed and, as a new trial will be unnecessary, that judgment of specific performance should be ordered against the defendant, with costs to the plaintiff in all the courts.

All concur.

Judgment reversed.