Andrews, Oh. J.
This appeal is taken from the judgment of the general term, rendered on an agreed case, by which judgment the defendant was relieved from, fulfilling a contract between himself and the plaintiffs for the sale by the plaintiffs to the defendant of three adjoining parcels of land, containing in the aggregate about eighty acres. One of the parcels, containing about ten acres, separates the other parcels.
It is stated, among the agreed facts, that “ more than thirty years ago ” one James Sheldon was the owner of the three parcels ; that April 29, 1851, one Philip Gauchat gave a mortgage to Sheldon covering the parcel of ten acres, to secure the sum of $602, which mortgage contained the following clause: “ The mortgage being given to secure the payment of the purchase-price of the above described premises,” and that the mortgage was properly recorded; that December 10, 1851, Sheldon assigned the mortgage to one Bliss, who, on March 17, 1851, commenced an action against Gauchat to foreclose the same, and that December 4, 1851, Bliss satisfied the mortgage to Gauchat, and that the satisfaction was recorded February 13, 1852 ; that the record fails to show any title in Gauchat to the ten acres, but that on or about September 11, 1854, he conveyed the land; that Gauchat and his several grantees were in the undisputed possession thereof for twenty years and upwards, and that the plaintiff, John F. Knel-r ler, is one of the grantees; that Sheldon died in May, 1887, leaving children, some of whom are minors.
It will be observed that there is no statement that Sheldon owned the ten acres April 29, 1851, when he took the mortgage from Gauchat. It is stated that he was the owner “ more than thirty years ago.” The mortgage was executed more than forty years before the submission of the case. The court is asked to infer that Sheldon owned the land at that time. If this was the *644 fact it should have been stated. It is true that, ordinarily, a purchase-money mortgage when given is taken on a conveyance of the land by the owner. But this is not a necessary or conclusive inference from the transaction. And if Sheldon was the owner ■of the land at the date of the mortgage, he may have subsequently re-acquired title. The fact that he was the owner “ more than thirty years ago ” is consistent with the re-acquisition of the title by him after the execution of the mortgage.
We think the court was not bound to find on the facts stated that Sheldon owned the land when the mortgage to Gauchat was given, or that he did not subsequently acquire the title. Parties who ask for judgment upon facts agreed, should state all the facts bearing upon the point to be decided, and material facts should not be left for inference when the fact is susceptible of definite statement. There is nothing in the case stated from which it can be supposed that the actual facts as to Sheldon’s title were unknown or could not be ascertained.
On the ground of the imperfection of the statement upon the point suggested, we think the general term was justified in refusing to compel the defendant to take the title.
It is claimed that an adverse possession for more than twenty years prior to Sheldon’s death, in Gauchat and his grantees, was established upon the admitted facts. But this is a mistake. The fact stated, that Gauchat and his grantees “ were in the undisturbed possession of the land for twenty yearn and upwards,” does not show that the possession was adverse. It does not necessarily follow therefrom that the entry by Gauchat and his grantees was under the deeds mentioned, exclusive of any other right, and this is essential to constitute an adverse holding under a written conveyance which will divest the title of the true owner after twenty years. Code Civ. Pro., § 369. It is not unlikely that there was an adverse possession in fact as against Sheldon or his heirs for the requisite period. But the court cannot draw this inference from the fact stated.
We think the judgment below was right, and it should be affirmed.
Judgment affirmed, with costs.
All concur.