(24 Misc. Rep. 317.)

MERGES v. RINGLER et al.

OPPERMANN v. OPPERMANN et al.

(Supreme Court, Special Term, New York County. July, 1898.)

1. JUDICIAL SALES—RELIEF OF PURCHASER—GROUNDS.
    A purchaser at judicial sale will not be relieved from his purchase in 1898 because a wall inclosing the premises encroaches on a street, where no action was brought for the removal of such encroachment, under Laws 1896, c. 610, requiring an action for removing encroachments on streets to be brought within a year after the passage of the act.

2. SAME.
    A purchaser at judicial sale of a manufacturing plant will not be relieved from his purchase because of trifling encroachments on the premises by other buildings, and similar encroachments on other lands by buildings belonging to the plant, where no part of either encroachment is essential to the enjoyment of the plant, and the persons whose title is sold have been in uninterrupted possession longer than the time required for adverse possession.

3. SAME—ABATEMENT OF PRICE.
    Where substantial justice requires a purchaser at judicial sale to fulfill his bid in spite of diminutions of title or of power of enjoyment, the court may abate the price on account of such diminutions.

Actions by Emma Merges against Mary Ringler and others, and by Jacob F. Oppermann, Jr., against Phillipine Oppermann and others, for partition and incidental relief. Under a decree of partition, the premises were sold to Robert J. King, Jr., and he moves to be relieved from his purchase. Denied, with leave to apply for an abatement of a portion of the price.

George E. Mott, for plaintiff.

J. Aspinwall Hodge, Jr., for guardian ad litem Jacob F. Oppermann, Jr.

Zeller & Miehling, for defendants Ringler and others.

Guggenheimer, Untermyer & Marshall, for defendant Doelger.

Ashbel P. Fitch, for executors.

Edward Lyman Short, for Mutual Life Ins. Co.

Root, Howard, Winthrop & Stimpson, for Robert J. King, Jr., purchaser.

RUSSELL, J. The purchaser moves for an order relieving him from his purchase of the real estate and personal property sold under the judgments in the actions above entitled. The first of the actions was for partition of the real estate, and the second an auxiliary action to join the personalty upon the premises with the realty in one sale, in order to procure a larger price than was likely to be obtained by a sale of the realty alone. The property sold was the Oppermann brewery, in the city of New York, and the sale of the personalty connected with it enabled the purchaser to take the whole property as a going concern, with the good will attached to it, and

without interruption of continuous business. The purchaser obtained the whole of the property on the sale under the two judgments for the sum of $702,000, and paid 10 per cent. in cash down. The sale, occurring in the spring, allowed the purchaser to take advantage of the usual contracts with saloons for the retailing of the beer manufactured, and a resale at this time of the year would tend to largely depreciate the amount to be obtained for the property.

Objection is made by the purchaser that a portion of the buildings encroaches upon adjoining property; that an addition to one of the front walls encroaches upon the street; and that a part of the premises included in the description contained in the notice of sale is occupied by adjoining owners. It is impracticable to determine with certainty, in view of the differences between the surveyors as to the exact extent of the encroachments by the structures pertaining to the property and those of adjoining owners, but it is quite certain that those which are the most serious, on account of the structural encroachments, are only from one to four inches in width. That upon the street is not the encroachment of the building, but rather an inclosing wall, which might easily be removed; and the objection seems to be disposed of, so far as this motion is affected, by chapter 610 of the Laws of 1896, which provides that the mayor, aldermen, and commonalty shall bring an action within one year after the passage of that act for the removal of such a wall, and, in default of such action, that the wall shall not be removable.

It is quite certain that the purchaser has a right to demand a marketable title, or he will be relieved from the obligation of his purchase. Holly v. Hirsch, 135 N. Y. 590, 598, 32 N. E. 709; Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370; Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726; Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905; Smyth v. McCool, 22 Hun, 595; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8.

But it might be quite difficult to find in the city of New York, among the older buildings, a boundary foundation or a vertical wall that was on the exact mathematical line, and the question, therefore, must always arise in such disputes as to the importance of the encroachments. To apply such a consideration to the case in hand, a broad view of the general purpose of the purchase, and the property bought, must be had, as well as the practical use to which it has been applied for many years. The Oppermann brewery property has evidently been used for the manufacture and sale of beer for many years in the city of New York, and has a recognized identity valuable for business purposes. So far as the evidence goes, no interference has ever been had during the many years of its existence with any of the premises devoted to the manufacture of beer, either by suit or by possession of adjoining claimant owner, and all that seems to be essential in connection with the primary, and perhaps exclusive, use of this property, has been enjoyed in peace and quiet for more than the statutory years determining practical location with adverse possession. It is apparent, therefore, that the purchaser obtained all that could be supposed to enter into the consideration of his judgment in making his purchase, and that his objections lie more towards

the theoretical criticism of the title to a few inches of the premises described, no part of which encroachment, from the character of that portion of any building lying upon it or for any cause, is essential to the enjoyment of the thing purchased, which is grouped together in the land, buildings, personalty, and good will.

I do not think a purchaser, who not only wants to use, but also has the privilege, at any time he may choose, to sell and convey, a marketable title, should be compelled to rely upon a title by adverse possession to any considerable portion of the premises purchased, for he can only convey a good record title by carrying to a conclusion a litigation to quiet his title as against all possible claimants. But, in the consideration of the question as to whether the objection is a finical one, undisputed enjoyment for many years covering the statutory period may be shown to diminish the force of the apparent objection on account of a slightly encroaching structure. See Sherman v. Kane, 86 N. Y. 57; Pierson v. Mosher, 30 Barb. 81; Swettenham v. Leary, 18 Hun, 284; Corning v. Nail Factory, 44 N. Y. 577; Hinkley v. Crouse, 125 N. Y. 730, 26 N. E. 452.

Proof of practical location and adverse possession in this case is substantially complete, and the purchaser obtained what he sought to buy, with no diminution upon the record title greater than at a ratio of perhaps 500 to 1, and even that ratio is diminished practically to nothing by the proof of long-continued user on the part of the holders of the title from whom he derives his rights. I am, therefore, of the opinion that this motion to relieve should be denied upon the merits.

But there is one more consideration which may be properly adverted to. Specific performance by action, or through the force of a judicial sale, should not be awarded, where it is necessary to make a new contract between the parties, by making such performance conditional upon a partial restitution by the vendors to the vendee. Where, however, substantial justice requires the execution of the purchase, the court has the right to give weight to equitable considerations, and award compensation for diminutions of title or power of enjoyment, which are still not sufficient to prevent a compulsory performance by the vendee. Instances of the application of this principle are here cited. Winne v. Reynolds, 6 Paige, 407, 408; Smyth v. Sturges, 108 N. Y. 495, 15 N. E. 544; Kings v. Bardeau, 6 Johns. Ch. 38.

Therefore, while denying the motion of the purchaser to be relieved, the order to be entered may, at his election, reserve an amount of the purchase price to be determined by the court, and a reference had to ascertain the amount of any expense necessary to remove and repair on account of encroachment. If, on such reference, it should appear that no change whatever need be made on account of the perfect title by long user, there will probably be no substantial award of damages by way of diminution, and thus a fair illustration exemplified by actual investigation of the want of substance in the encroachment objections. Ordered accordingly.