## CAROLAN v. YORAN et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. DEEDS—ACKNOWLEDGMENT.

An acknowledgment to a deed that on the date specified before the notary personally came the subscriber, to the notary known, and also known to him to be the attorney in fact of the various parties to the instrument, for whom the subscriber signed and acted as attorney in fact, and that she executed the conveyance without fear or compulsion from her husband, but failing to certify that the subscriber was known to the notary to be the person described in and who executed the conveyance as an individual, was insufficient to entitle the conveyance to record as a deed of the subscriber of her own undivided interest in the property.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Acknowledgment, §§ 184–190; vol. 16, Cent. Dig. Deeds, § 220.]

2. SAME—VENDOR AND PURCHASER—MARKETABLE TITLE—ADVERSE POSSESSION.

A vendee is not bound to accept a title by adverse possession on the mere fact of uninterrupted possession of the premises for over 20 years, in the absence of proof that the legal owners of the property during that period were not under a disability so that the statute would run against them.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 247.]

Appeal from Trial Term, New York County.

Action by Patrick M. Carolan against Lillie T. Yoran and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Wm. F. Clare, for appellant.
Henry Willis Smith, for respondents.

INGRAHAM, J. This action was an action to recover money paid by the plaintiff upon the execution of a contract whereby the defendants agreed to convey to the plaintiff a piece of land, the plaintiff claiming that the title tendered by the defendants was not marketable. It is conceded that some time prior to December 27, 1873, the property was vested in one Thomas D. Smith, and that his heirs at law united in a conveyance to one Charles Gerding, and it is under this conveyance that the defendants claim title. This deed was executed by all of the heirs of Eliza M. Stevenson, their attorney in fact, and by Eliza M. Stevenson, who was also recited in the deed as one of Smith's heirs at law. The original deed not being produced, a certified copy from the record was produced. It

was claimed by the plaintiff that the acknowledgment to this deed by Eliza M. Stevenson individually as one of the heirs at law was not sufficient to entitle it to be recorded as against her, and that there was therefore no evidence that she executed the deed. This acknowledgment was taken in the state of New York, county of Kings. The certificate recited that "on the 31st day of December in the year 1873 before me personally came Eliza M. Stevenson, to me known and also known to me to be the attorney in fact of" the various parties to the instrument for whom Eliza M. Stevenson had acted as attorney in fact; and the certificate then continued: "And the said Eliza M. Stevenson also further acknowledged that she executed the said conveyance without fear or compulsion of or from her said husband on a private examination by me made separate and apart from her said husband, and that she executed the same of her own free act and will." There is in this certificate no statement that Eliza M. Stevenson was known to the notary to be the person described in and who had executed the conveyance as an individual. The notary certified that he knew her to be the attorney for the various parties for whom she acted. This court held in Paolillo v. Faber, 56 App. Div. 241, 67 N. Y. Supp. 638, that an acknowledgment which did not state that the person who appeared before the notary was known to the notary to be the person described in and who executed the instrument was not sufficient to entitle the instrument to be recorded, and therefore a certified copy of the record was no evidence of the due execution of the instrument. That case was followed in Freedman v. Oppenheim, 80 App. Div. 487, 81 N. Y. Supp. 110, by the Appellate Division of the Second Department. It is true that in Jackson v. Gumaer, 2 Cow. 552, the Supreme Court held that an acknowledgment by which the officer certified that the individual acknowledging the instrument was "to me known" should be construed as "to me known" as the grantor in the deed upon which the certificate was indorsed, and that opinion seems to have been cited without disapproval in Smith v. Boyd, 101 N. Y. 472, 5 N. E. 319. But the certificate in question could not bear the construction that was given to the certificate in Jackson v. Gumaer, for here the certificate is that the grantor was to the officer taking the acknowledgment "personally known," which would be merely a certificate of an acquaintanceship with the person acknowledging the instrument, which is a very different thing from a knowledge of a fact that the person executing the instrument was in fact the individual described in and who had executed it. It seems to me, therefore, that this acknowledgment was not sufficient to justify the register in recording the instrument as a conveyance by Eliza M. Stevenson, and there was therefore no evidence that she had ever conveyed her undivided interest in the property as one of the heirs at law of Smith, deceased.

There is also a question raised about the sufficiency of the certificate of the county clerk as to the notary before whom this acknowledgment was taken, but, as there was no evidence that Eliza M. Stevenson ever executed the deed, it is not necessary to deter-

mine that question. The defendants also claim that they had a good title by adverse possession under this deed of the 31st of December, 1873. The defendant called as a witness the grantee of the deed of 1873, who testified that he took possession of the property subsequent to the execution of that deed, and that it had been in his possession and in the possession of his grantees from that time down to the present. Another witness testified that he was in possession of the premises in question at the time of the signing of this contract, and the tender of the deed as executor of Yoran, and that the premises were occupied by a tenant from month to month.

There was no evidence as to whether Eliza M. Stevenson was alive, whether she had died, leaving issue, or whether she or any of her descendants were under any disability that would prevent the statute from running against them. It is now established that a vendee will not be compelled to accept a title by adverse possession upon the mere fact of uninterrupted possession of the premises for over 20 years; that the burden is at least upon the vendor to show that the legal owners of the property during that period were not under a disability so that the statute would run against them. Upon the whole case I do not think this was a marketable title, and for that reason the plaintiff was entitled to recover.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.