THE RATHBUNVILLE UNION CEMETERY ASSOCIATION, Respondent, *v.* GEORGE W. BETSON, Appellant.

### Adverse possession — evidence.

One who claims title by adverse possession must show not only that he held the land, but that he held it claiming title thereto in hostility to the true owner. The evidence in this case does not support such a claim.

*Rathbunville Union Cemetery Assn.* v. *Betson*, 140 App. Div. 921, reversed.

(Argued April 17, 1913; decided May 6, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 15, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ward J. Cagwin* for appellant. The owners in fee of the lands upon each side of the fence in question had the exclusive right to remove the same. (*Coleman* v. *Pickett*, 61 N. Y. S. R. 78; *St. Vincent's Orphan Asylum* v. *City of Troy*, 76 N. Y. 108; *White* v. *Manhattan Ry. Co.*, 139 N. Y. 19.) The lot owners on either side of the fence, removed by Betson, were all owners in fee of the premises upon both sides of the fence, claiming under deeds and having possession themselves and their grantors for twenty years and upwards, and they could not be ejected therefrom. (*Conger* v. *Conger*, 28 N. Y. S. R. 745; *Conger* v. *Treadway*, 20 N. Y. S. R. 774; *Conger* v. *Weyant*, 20 N. Y. S. R. 775.) The plaintiff is not entitled to injunctive relief. (*T. & B. R. R. Co.* v. *B., H. T. & W. Ry. Co.*, 86 N. Y. 107.)

*D. Francis Searle* for respondent. The action for an injunction is maintainable. (*Berry* v. *Fleming*, 87 App. Div. 53; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Dasoris Pond Co.* v. *Campbell*, 25 App. Div. 179; 164 N. Y. 596; *Hinckel* v. *Stevens*, 165 N. Y. 171; *White* v. *Lansing*, 119 App. Div. 584; *Ketcham* v. *Depew*, 81 Hun, 278; *Mulry* v. *Norton*, 27 Hun, 660; *Fox* v. *Fitzsimmons*, 29 Hun, 574; *Johnston* v. *City of Rochester*, 13 Hun, 285; *Mitchell* v. *Thorne*, 57 Hun, 405; *Baron* v. *Korn*, 51 Hun, 401; 108 N. Y. 504.) Plaintiff has acquired the right to maintain the fence in question through adverse possession. (*Vorhees* v. *Burchard*, 6 Lans, 176; *Laws* v. *McDonald*, 9 Hun, 23; *Hammond* v. *Zehner*, 21 N. Y. 118; *Hay* v. *Collman*, 78 App. Div. 584; *Hall* v. *N. Y.*, 72 App. Div. 360; *Potter* v. *Sumner*, 75 App. Div. 186; *Hinckel* v. *Stevens*, 35 App. Div. 5; *Colburn* v. *Marsh*, 68 Hun, 269; *Bell* v. *Hayes*, 60 App. Div. 382; *Winnie* v. *Winnie*, 95 App. Div. 48; 184 N. Y. 584; *Fritz* v. *Tompkins*, 168 N. Y. 524.)

Cullen, Ch. J. This action was brought to restrain the removal of a fence around a cemetery and for damages.

Prior to the incorporation of the plaintiff there had been for very many years a burying ground on lands originally belonging to one Daniel Williams. He had conveyed many plots to various persons, in some of the deeds prescribing that the grounds were conveyed for cemetery purposes, while in the others there was no qualification. In 1886 the owners of the lots met and incorporated the plaintiff. No conveyances of the lots or any interest therein were made to the plaintiff, but money was raised by voluntary subscription and applied to the care of the grounds, and a new fence was erected upon the same in the place of an old one. Even after that time Williams, as owner, continued to sell lots within the cemetery. The various plot owners were of different religious denominations, a substantial number being Seventh Day Baptists. There were nine trustees of the plaintiff of which four, at first, were of that persuasion. Their representation was gradually reduced to one. They became dissatisfied and bought land on the west side of the cemetery, and organized a new corporation. Many of the owners of the lots on that side of the cemetery being Baptists had the fence erected by the plaintiff removed and their plots fenced in with the new cemetery. It was to restrain these acts that this suit was brought.

It is very unfortunate that animosity should arise between religious denominations, and that the appearance of the old cemetery should be marred by irregularities in its boundaries, but the parties under whose authority the defendant committed the acts complained of were within their rights. They owned the land on which the fence stood, had owned it prior to the incorporation and had never parted with any interest therein. The judgment of the Special Term has been sustained on what is claimed to be a finding of adverse possession of the land on which the fence stood. Assuming this to be the construction of the finding, which may well be doubted, there is no evidence in the case to support it.

The presumption is that the acts of the plaintiff in erecting the fence were in subordination to the rights of the true owner. One who claims title by adverse possession must show not only that he held the land, but that he held it claiming title thereto in hostility to the true owner. (*Doherty v. Matsell*, 119 N. Y. 646; *Kneller v. Lang*, 137 N. Y. 589; *Heller v. Cohen*, 154 N. Y. 299.) The evidence in this case so far from showing that the plaintiff was in possession of the lands included within the fence, or on which the fence stood, in hostility to the owners of the various plots, establishes the very reverse, that whatever was done by the plaintiff was by the assent of the lot owners who contributed the money necessary for the work.

The judgment below should be reversed and a new trial granted, costs to abide the event.

Gray, Werner, Hiscock, Collin, Cuddeback and Miller, JJ., concur.

Judgment reversed, etc.