CROCKER v. INGERSOLL ENGINEERING & CONSTRUCTING CO.

(Circuit Court of Appeals, Sixth Circuit. February 11, 1918.)

No. 3062.

1. DEEDS ⇐173—RESTRICTIONS—ENFORCEMENT.

Where a grantor subdivided his lands and disposed of them to numerous grantees, and the several deeds all contained a restrictive covenant in the nature of a condition subsequent, allowing the grantor to reenter in event of breach, the restriction must be deemed for the benefit of the several grantees, and can be enforced by them, though the grantor had lost his right of re-entry.

2. INJUNCTION ⇐62(1)—RESTRICTIVE COVENANTS.

Injunction is an appropriate remedy to enforce a restrictive covenant imposed on lands by the common grantor for the benefit of his several grantees.

3. DEEDS ⇐176—RESTRICTIONS—ENFORCEMENT.

The running of limitations against the right of a grantor to enforce a restrictive covenant in the nature of a condition subsequent does not show that the grantee had freed his property from the incumbrance of the restriction, where it was enforceable by other grantees of the same grantor, whose number exceeded 100, for limitations available against the grantor might well not be available against all the grantees or their successors.

4. VENDOR AND PURCHASER ⇐138—TITLE—KNOWLEDGE BY PURCHASER.

Though the purchaser relied on its own title examination when it contracted, and there was no fraud or misleading by the vendor, yet an action for damages on account of the vendor's inability to convey title as agreed cannot be defeated, unless the purchaser knew of the particular defect when it contracted.

5. VENDOR AND PURCHASER ⇐351(10)—DAMAGES—INTEREST AND RENTAL.

Where a vendor's title proved defective, the purchaser, who had been admitted into possession, should not be allowed to recover interest on purchase-money payments, without being charged with the rental value of the premises while it had possession.

6. APPEAL AND ERROR ⇐269, 719(9)—REVIEW—ASSIGNMENT OF ERROR.

Where, in an action by a purchaser for damages on account of the vendor's inability to convey title as agreed, there was an error in favor of the purchaser in the assessment of damage, such error, not having been assigned, will not be considered, under rule 11 (198 Fed. xxii, 115 C. C. A. xxii); it appearing that it was more than counterbalanced by reason of the vendor's forfeiture of improvements placed on the premises by the purchaser.

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. **ACTION** ⊙⟶53(2)—SPLITTING CAUSE OF ACTION.
 Where a, purchaser, after being admitted into possession, defaulted, and the vendor forfeited the contract, such purchaser, having recovered damages on account of the vendor's inability to convey the title as agreed, cannot thereafter recover on account of improvements which it placed on the premises, for a cause of action cannot be split.

8. **EQUITY** ⊙⟶65(2)—EQUITABLE RELIEF—RIGHT TO.
 Where a purchaser of land, having been admitted into possession, defaulted in payment and allowed the vendor to forfeit the contract, without informing him as to the trouble with the title, such purchaser is not entitled to equitable aid on account of improvements placed on the premises, which by reason of the forfeiture became the property of the vendor.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action by the Ingersoll Engineering & Constructing Company against Martin Crocker. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Martin Crocker, of Mt. Clemens, Mich. (F. D. Eaman, of Detroit, Mich., of counsel), for plaintiff in error.

Gifford K. Wright, of Pittsburgh, Pa., and Fritz L. Radford, of Detroit, Mich. (McKee, Mitchell & Alter, of Pittsburgh, Pa., of counsel), for defendant in error.

Before KNAPPEN, MACK, and DENISON, Circuit Judges.

PER CURIAM. A general statement of the facts here involved will be found in our opinion in Ingersoll Co. v. Crocker, 228 Fed. 844, 143 C. C. A. 242, and need not be here repeated. After that opinion was filed, the suit at law therein referred to proceeded to trial in the court below, resulting in a judgment which awarded to the Ingersoll Company the purchase money it had paid Crocker, and interest, and from that judgment the present writ of error is prosecuted.

[1, 2] 1. A re-examination of the chief and underlying meritorious question has not convinced us that it was mistakenly decided upon the former hearing. It is true that the restrictive provision was not, in form, a covenant, but was distinctly a condition subsequent; and it may well be that the right to forfeiture or re-entry for breach of that condition has been lost by the grantor and his heirs. However, this deed cannot be considered by itself; there were about 120 of them, made at about the same time, in identical form and covering practically all the property in the vicinity; and we have no doubt that they constituted, in substance and effect, and at least in equity, an agreement between the grantor and each grantee, and for the benefit of all other similar grantees, that the restrictions should be maintained in that vicinity; nor that this parcel, and each of the others, was burdened with what was, in effect, a negative easement for the benefit of adjacent parcels; nor that, at the least, the owners of other parcels out of the same tract might have injunctive relief against a breach of the restriction; nor that this was a burden which, while it existed, made the title unmarketable. Lowrie, J., in Clark v. Martin, 49 Pa.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes'

289, 297; Bigelow, J., in Whitney v. Union Co., 11 Gray (Mass.) 359, 363, 71 Am. Dec. 715; Cooley, J., in Watrous v. Allen, 57 Mich. 362, 367, 24 N. W. 104, 58 Am. Rep. 363.

2. Upon the former hearing, it was not apparent to us how it could be sufficiently shown by way of defense to the suit at law that there had been such an adverse user as to destroy the effect of the condition, in view of the fact that the grantees, or their heirs and assigns, of all the other parcels beneficially affected were not parties to that suit; but there are cases where title by adverse possession may be so clearly established, even in a suit to which possible claimants are not parties, that the marketability of the title is thereby established (Barnard v. Brown, 112 Mich. 452, 70 N. W. 1038, 67 Am. St. Rep. 432; Pratt v. Eby, 67 Pa. 396); and we therefore left this question for trial in the suit at law, to be dealt with as the proofs there might justify.

[3] 3. The use of this parcel for a considerable number of years for a planing mill was clearly proved; but even if we assume that this use was, as matter of law, a breach of the condition, and that the proofs in this case show that it continued for 15 years, that would not have justified a verdict for Crocker. There were more than 100 parties who were entitled to dispute these claims of fact, and disprove them if possible, and there is a high probability, if not certainty, that among so many parties there will be some against whom the statute of limitations or the equivalent rules of laches or abandonment could not be running because such parties were not sui juris or not within the country. It must be evident that there is not a mere possibility, but a real and substantial probability, that the validity of the title depends upon the verdict of a future jury upon a disputed question of fact. Simis v. McElroy, 160 N. Y. 156, 163, 54 N. E. 674, 73 Am. St. Rep. 673; Carolan v. Yoran, 104 App. Div. 488, 93 N. Y. Supp. 935, 937; cases cited in 32 Cyc. 1462.

4. There was only one way to clear the title—by bill in equity against all parties in interest. Alpha Co. v. Shirk (C. C. A. 7) 227 Fed. 966, 972, 142 C. C. A. 424. If Crocker had promptly moved for this remedy as soon as he knew the situation, possibly a way might have been found to hold matters in statu quo until he could get that relief; but several years have elapsed, and it is now too late to consider any such course.

[4] 5. The facts, clearly proved, that there was no fraud or misleading by Crocker, and that the vendee relied on its own title examination when it made the contract, cannot avail to defeat the action. This is not a suit for rescission, it is for the damages flowing from Crocker's inability to convey the title he promised. Only if the vendee knew of this very defect when it made the contract could we justify the conclusion of waiver.

[5-8] 6. It is claimed that the Ingersoll Company recovered interest upon its purchase-money payments and was not charged with the rental value of the premises while it had possession. This would seem to be error. Warvelle on Vendors (2d Ed.) p. 229. However, if the point was fairly brought to the attention of the trial court, which we doubt, it was not properly saved by exception and assignment

of error; and we are not inclined to notice it under rule 11 (198 Fed. xxii, 115 C. C. A. xxii) because any prejudice therefrom is at least counterbalanced by the situation which has resulted regarding the improvements which were placed upon the land by the Ingersoll Company and which, by the forfeiture of the title, have become Crocker's property. The Ingersoll Company can have no remaining right to recover therefor, either at law or in equity, because their value was a part of its damages which it had the right to recover, if anywhere, in this action, and a cause of action cannot be split by pleading only a part of it, whether the imperfect pleading be purposeful or inadvertent; and, more specifically, the Ingersoll Company cannot recover therefor in the equity suit, both because that is limited by the effect of our previous mandate and because the conduct of the Ingersoll Company, in leading Crocker to forfeit the contract without letting him know what the trouble with the title was, forbids a court of equity to give it any help.

7. The other assignments do not present any matters sufficiently controlling to justify discussion.

The judgment is affirmed.