ARMAND GAITA and VERA GAITA, His Wife, Plaintiffs, *v.* JOHN GAITA and Others, Defendants.

Supreme Court, Monroe County, December 12, 1930.

*James S. Bryan*, for the plaintiffs.

*Charles Lambiase*, for the defendant Anthony Nanna.

RODENBECK, J. After the judgment of sale was ratified and confirmed on May 10, 1930, a corrected affidavit of service, without an order therefor, was filed, verified June 25, 1930, which does not contain a certificate of the proper official showing that the person before whom the affidavit was sworn to, was qualified to act at the time of administering the oath. John Gaita, one of the defendants, testified, upon the hearing before the referee, that he was married, and, after the judgment confirming the sale was obtained and on September 15, 1930, an affidavit was made by him that he was unmarried. A tenant upon the property was not served, but, after the confirmation of the sale, an affidavit was filed, verified July 22, 1930, that the tenant had removed from the premises. An affidavit of the plaintiff Armand Gaita, verified October 25, 1930, was presented by the purchaser that a sister of the defendant John Gaita, not a party, is still living. Finally, a foreclosure is pending which will wipe out the interests of the persons who claim to own the property pursuant to an unprobated will. The purchaser should not be required to take a doubtful or seriously clouded title. " Where a title is objected to which comes through a judicial sale, the court will often exercise its

discretion in favor of a purchaser and relieve him from going on with his agreement, if there are questions which might reasonably be raised affecting the title." (*Holly* v. *Hirsch*, 135 N. Y. 590, 598.)

The deposit of $500 made by the purchaser should be returned, and the purchaser relieved from his purchase.

So ordered.